(No. 54720.—

STEVEN LYNN POWERS, Appellee, v. ILLINOIS CEN-
TRAL GULF RAILROAD COMPANY, Appellant.

*Opinion filed June 18, 1982.*

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard E. Boyle and William P. Gavin, of counsel), for appellant.

Rex Carr and Jeanne Sathre, of Cohn, Carr, Korein, Kunin, Schlichter & Brennan, of East St. Louis, for appellee.

JUSTICE WARD delivered the opinion of the court:

This appeal is from an action brought by Steven Lynn

Powers in the circuit court of St. Clair County under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1970)). The plaintiff complained of back injuries sustained while employed by the Illinois Central Gulf Railroad Company in Paducah, Kentucky. A jury which had been given an itemized verdict form returned a verdict for the plaintiff that totaled $300,000. The court's instructions to the jury on damages had listed four elements of damage for the injuries, and the verdict form given to the jury was itemized as to those elements. The appellate court, with one justice dissenting, found no error in the instruction or the itemization of damage on the verdict form, and it affirmed the judgment that had been entered on the verdict. (92 Ill. App. 3d 1033.) We granted the defendant leave to appeal (73 Ill. 2d R. 315).

The defendant contends that the court erred in giving the following instruction to the jury over its objection:

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted, in whole or in part, from the negligence of the defendant:

The nature, extent and duration of the injury.

The disability resulting from the injury.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The value of earnings lost and the present cash value of earnings reasonably certain to be lost in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine."

Excepting the phrase "in whole or in part," which is not involved on this appeal, the first and last paragraphs of the instruction are the basic Illinois pattern measure of damages instruction for personal injury. (Illinois Pattern Jury Instruction, Civil, No. 30.01 (2d ed. 1971) (hereinafter cited as IPI Civil).) The other four paragraphs set out sepa-

rate elements of damage claimed here by the plaintiff and which appear in the pattern instructions. IPI Civil Nos. 30.02, 30.04, 30.05, 30.07.

The defendant also says there was error in the following verdict form that was given to the jury over its objection:

"We, the Jury, find for the plaintiff and against the defendant. We assess the damages as follows:

| | |
|---|---|
| Nature, extent and duration of the injury | $_____ |
| Disability resulting from the injury | $_____ |
| Pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury | $_____ |
| The value of earnings lost and the present cash value of earnings reasonably certain to be lost in the future. | $_____ |

The jury awarded $50,000 for each of the first three elements, and $150,000 for the fourth.

The defendant's contentions of error are that the instruction and verdict form directed the jury to award a double or duplicative recovery for the plaintiff. The defendant says that "the nature, extent and duration of the injury" is not compensable as an element of damage separate and apart from the other elements of damage in the instruction, although it is listed as a separate element in the pattern jury instructions. (IPI Civil No. 30.02.) On that ground, the defendant requests this court to order a remittitur of $50,000, the amount of the award for "nature, extent and duration." The defendant also says that the trial court erred by giving the jury a verdict form that required it to itemize its verdict as to each element of damage.

A jury, of course, receives instructions from the trial court as to the elements of damage claimed to have been sustained by the plaintiff. A court, through its instructions,

seeks to facilitate a jury's determination of damages in a personal injury case by itemizing the elements of damage. When the jury is instructed there is a danger that there may be no instruction given regarding a compensable element of damage which may result in the plaintiff's being undercompensated. There is a danger, too, that in the instructions given an element of damage may be duplicated or elements may overlap with the result that the jury may give duplicative awards. The risk of overlapping and duplicative awards may be enhanced when the plaintiff's counsel is permitted to argue to the jury from a chart or "blackboard" that sets out the elements of damage claimed. The attorney asks the jury to award a specified amount for each of the elements of damage listed. This court in *Caley v. Manicke* (1962), 24 Ill. 2d 390, approved the use of such a chart or "blackboard." See generally Graham, *Pattern Jury Instructions: The Prospect of Over or Undercompensation in Damage Awards for Personal Injuries,* 28 DePaul L. Rev. 33 (1978).

The plaintiff first argues that the defendant waived its contentions by failing to set out its objections with particularity in its post-trial motion. The plaintiff relies upon *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344. In *Brown* this court held that, in order to preserve an objection to a jury instruction for appeal, a litigant's post-trial motion must include "a simple, succinct statement of the factual or legal basis for movant's belief that the trial court action was erroneous." (83 Ill. 2d 344, 350.) The purpose is to afford the trial court an opportunity to make an informed reevaluation of its ruling on the instruction.

The objections to the instructions and verdict form were not waived. During the conference on instructions, the defendant argued that the instruction and verdict form permitted the jury to return separate awards for duplicative elements of damage. The post-trial motion sufficiently apprised the court of this ground because in that motion

the defendant alleged that the court erred by giving the instruction and verdict form, and said that, "[a]s stated in the transcript of the proceedings, the form of verdict invited the jury to return a separate monetary award for duplicitous and redundant elements of damages ***." The motion requested that the court order a new trial unless part of the verdict was remitted, because various errors, "including the errors with respect to the jury instructions and the error in giving the form of a verdict which invited and directed the jury to return an amount for duplicitous and redundant categories of damages, which in fact the jury did ***," resulted in an excessive verdict.

Too, the defendant's motion stated that the court had erred by refusing to submit the following verdict form, which the defendant had tendered:

> "We, the Jury, find for the plaintiff and against the defendant and assess the plaintiff's damages in the sum of $_____. These damages consist of the following:
> Economic Loss, consisting of lost earnings, if any, and the present cash value of earnings reasonably certain to be lost in the future, if any. $_____.
> Non-economic loss, if any, consisting of all other elements of damages. $_____."

As to the defendant's claim of danger of a duplicative or overlapping recovery, the appellate court accepted the force of the contention. The court said:

> "The 'Notes on Use' of IPI Civil No. 30.02 state that it is difficult to imagine an injury case in which the insertion of the phrase '[t]he nature, extent and duration of the injury' into IPI Civil No. 30.01 will not be appropriate. However, it is also difficult to conceive of a logical basis for placing a separate value on elements such as disability and pain and suffering, and nature, extent and duration of the injury in a case involving a back injury. Rather, it would seem that the jury must consider the nature, extent, and duration of the injury as a means of determining the appropriate amount to award for elements such as disability and pain and suffering." (92 Ill. App. 3d 1033, 1036-37.)

Despite this acknowledgement, the court said it would not change the practice of including nature, extent and duration as an element of damage for personal injuries. 92 Ill. App. 3d 1033, 1038.

An examination of decisions, however, shows that whatever may be the practice, the propriety of including "nature, extent and duration" as an element of damage has not been considered and approved in our courts of review. The comment accompanying IPI Civil No. 30.02 cites three cases as holding that nature, extent and duration is a separate element of damage: *Donk Brothers Coal & Coke Co. v. Thil* (1907), 228 Ill. 233, 241; *McDaniels v. Terminal R.R. Association* (1939), 302 Ill. App. 332, 350; and *Sprickerhoff v. Baltimore & Ohio R.R. Co.* (1944), 323 Ill. App. 340, 351.

Those decisions involved instructions directing the jury to consider the nature, extent and duration of the injuries, among other factors, in assessing damages. In none of the cases, however, as the appellate court observed, too, was it stated that "nature, extent and duration" was a separately compensable element. Moreover, in none of the cases was the question presented here an issue. In none did the court discuss whether the involved instruction permitted a duplicating or overlapping recovery in that it asked the jury to consider the nature, extent and duration of the injury in addition to other elements of damage.

We found no other authority to support the giving of the "nature, extent and duration" instruction as a separate element of damage. Claiming to the contrary, the plaintiff cites *Raines v. New York Central R.R. Co.* (1972), 51 Ill. 2d 428, *cert. denied* (1972), 409 U.S. 983, 34 L. Ed. 2d 247, 93 S. Ct. 322, and *Doering v. Janssen* (1979), 76 Ill. App. 3d 62.

In *Raines,* this court affirmed a judgment entered upon a verdict where the court had given the jury instructions relating to compensation for six categories of damage, one

being the nature, extent and duration of the injury. This court's review of the judgment, however, concerned only the sufficiency of the evidence; the issue of duplicative or double recovery did not appear. 51 Ill. 2d 428, 437-44.

*Doering* is also inapplicable on this question. The court affirmed a verdict awarding separate compensation for nature, extent and duration, and other categories of damage, but there, too, no question of double recovery was raised.

There are decisions from other jurisdictions, on the other hand, that do support a conclusion that the instruction and the verdict form given here invited a duplicating recovery. See *Gillis v. Sonnier* (Miss. 1966), 187 So. 2d 311, 313-14 (elements: "nature and extent of injuries" and "disability" are really the same); *Waymire v. Carter* (Mo. App.1963), 366 S.W.2d 74, 79-80 (instruction authorized double damages because one clause directed the jury to consider the character, extent and permanency of the injuries, and another directed the jury to consider the extent of future disability in general).

We consider that, excepting perhaps an award to cover expenses, a jury cannot determine damages for the nature, extent and duration of a plaintiff's injury in isolation and apart from the remaining elements of damage. Any award for elements such as disability, pain and suffering, or disfigurement will of necessity involve and be based upon the jury's examination of and assessment of the nature, extent and duration of the injury. As the dissenting justice in the appellate court put it, "It is incomprehensible that the jury could place a monetary value on the nature, extent and duration of plaintiff's injury without relating such an award to the remaining items of compensable loss, disability and disfigurement, pain and suffering, and loss of earnings (IPI Civil Nos. 30.04, 30.05, and 30.07)." (92 Ill. App. 3d 1033, 1044 (Kasserman, P.J., dissenting).) Obviously, that is the reason that in cases such as *Donk Brothers,* which is cited

in the IPI comment, the jury was instructed to *consider* the nature, extent and duration of the plaintiff's injuries in reaching a verdict. But instructing a jury to consider the nature, extent and duration is not the same as instructing it to separately award for the nature, extent and duration of the injury. See, *e.g., Hieber v. Thompson* (Mo. App. 1952), 252 S.W.2d 116, 124-25 (instruction directing jury to take into consideration "nature, character and extent of all injuries" along with pain, anguish and other items did not authorize double recovery, as jury was directed only to consider those factors in reaching a figure, not to allow for each).

The plaintiff attempts to defend the treatment of nature, extent and duration as a separate element of damage, saying:

> "[I]n Illinois, disability specifically addressed physical and economic limitations on the plaintiff by reason of the injury; pain and suffering concerns the existence of discomfort directly due to the injury and as a consequence of treatment of the injury; and nature, extent and duration addresses the fact of injury to the body itself, the character of that injury, and whether it is of a permanent or temporary nature."

The fault in the argument is that it would permit a plaintiff to recover for the injury itself, in addition to recovering for all of the elements of damage which themselves are to compensate for the injury. Because an award fully compensating the plaintiff for the injury itself would include compensation for those elements, it is clear that an instruction calls for a duplicative recovery if it tells the jury to award for the injury in addition to awarding for pain, suffering, disability, and other elements of damage. (See, *e.g., South Covington & Cincinnati St. Ry. v. Vanice* (1925), 211 Ky. 774, 785-86, 278 S.W. 116, 120 (instruction that allows damages for injuries to the person in addition to damages for physical and mental suffering and impairment of earning capacity necessarily authorizes double re-

covery); *Kansas City, Missouri & Ohio Ry. Co. v. Florence* (Tex. Civ. App. 1911), 138 S.W. 430, 431-32 (instruction was erroneous because it could have led the jury to believe that loss of time from business, pain and suffering and impairment of ability to work were elements compensable in addition to compensation for the injuries sustained).) The error in instructions that allow a duplicative award for the injury itself is recognized in general commentaries, too. See 25 A. C.J.S. *Damages* sec. 181 (1966) (instruction is objectionable if it induces jury to allow recovery both for personal injury itself and other enumerated elements of damage).

We hold, therefore, that it was error to give the IPI instruction relating to the nature, extent and duration of the plaintiff's injury as a separately compensable element of damage when the jury also was given the instruction on the other IPI elements of damage relating to his injury. We do not hold that a jury may never be instructed to consider the nature, extent and duration of the plaintiff's injury but simply that a jury should not be instructed to consider it as a separate and compensable element of damage in addition to the other elements of damage stated in the IPI. Thereby, duplication or overlapping of the compensable elements for which the jury is to allow damages will be avoided.

Professor Michael Graham has noted that an examination of the pattern instructions in 30 States shows that only the instructions in Illinois, South Dakota and Washington suggest that "nature, extent and duration" should be regarded as a separate and compensable element of damage. (Graham, *Pattern Jury Instructions: The Prospect of Over or Undercompensation in Damage Awards for Personal Injuries,* 28 De Paul L. Rev. 33, 53 (1978).) Because of the risk of duplicative or overlapping awards by the jury, he states that "nature, extent and duration" should not appear in a pattern jury instruction in addition to other elements of damage as an element of separate and compensa-

ble damage. It may, however, be referred to as a measure of the compensable elements of damage. He observes:

> "The better treatment of 'nature, extent, and duration' appears in the jury instructions for Michigan, Wisconsin, Minnesota, and Colorado. In these states, the instructions treat the nature, extent, and duration of the injury as a measure of the other elements of damage and not as a separate compensable element. Pursuant to these instructions, the amount that the jury awards for the various compensable elements of damage that flow from an injury depends on the injury's nature, extent, and duration. Thus, these instructions avoid the problems that arise when the court instructs the jury to compensate the plaintiff once for the nature, extent, and duration of the injury and again for the various elements of damage that the injury produced." 28 De Paul L. Rev. 33, 54-55.

It may be appropriate to observe that while a rule of this court prescribes the use of IPI, and though they have been of inestimable importance and value, the IPI are not exempt from challenge. Rule 239(a) (73 Ill. 2d R. 239(a)) directs that IPI instructions should be used wherever they "accurately state the law" applicable in a case. There has not been any advance approval of the IPI by this court. An instruction is approved or rejected only after it has been judicially questioned and considered.

The plaintiff argues, too, that even if the instruction erroneously called for a duplicating award, the defendant could not have been prejudiced. He says that the jury, in seeking to compensate him reasonably and fairly, never would have awarded separate amounts for the same damage.

That argument is not convincing. Of course, it is to be presumed that the jury followed the court's instruction, which told it to award separately for the nature, extent and duration of the injury.

Too, it is obvious from the plaintiff's closing argument that this was not a case of merely abstract error because of an instruction. An award for "nature, extent and duration"

certainly overlaps with an award for disability. (See *Gillis v. Sonnier* (Miss. 1966), 187 So.2d 311, 313-14; *Waymire v. Carter* (Mo. App. 1963), 366 S.W.2d 74, 79-80; see also *Adkins v. Kelley* (1968), 244 Ark. 199, 424 S.W.2d 373 ("nature, extent, duration and permanency of the injury" should have been included as an element of damage in instruction because it had no other element to compensate the plaintiff for his disability).) In closing argument, the plaintiff's attorney called upon the jury to give a double award:

> "[T]o Steve the most important item [of damage] may be the nature, extent and duration of his disability. Now those two items, actually you could easily consider that they both mean close to the same. They don't but you can consider and for the sake of this argument I am going to treat those about the same. I think that each of these items is worth a thousand dollars a year for the rest of his life expectancy as you will be told. The life expectancy will be $46,000, nature, extent and duration, $46,000 for disability. [*sic*]"

The verdict form then told the jury in effect to enter a separate amount for each element of damage. No instruction was given to the jury as to distinguishing the nature, extent and duration of the injury from disability. For each, the jury returned $50,000. In these circumstances one cannot say that the error was not prejudicial to the defendant.

Except for the listing of nature, extent and duration of the injury on the verdict form, as an element for compensation, we do not consider that the trial court erred in submitting the itemized verdict form to the jury. Section 65.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65.1) provides:

> "In every case where damages for injury to the person are assessed by the jury the verdict shall be itemized so as to reflect the monetary distribution among economic loss and non-economic loss, if any."

The defendant argues that no itemization beyond the two categories stated in the statute is permitted.

The language in section 65.1 is not without ambiguity. The appellate court, in holding that the itemized verdict form used here was not violative of the statute, considered that the use of the word "among" showed that itemization beyond the two general categories of damage was contemplated by the General Assembly. (92 Ill. App. 3d 1033, 1038-39.) There appears to have been only one other decision that has interpreted the language of section 65.1. In *Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 67-68, the court held that a verdict form which had permitted itemization for such specific elements of damage as pain and suffering, loss of earnings, and medical expenses was not erroneous. The court concluded from an examination of the legislative comment and discussion at the time of the enactment of section 65.1 that the legislative intent was to require jurors to consider carefully the reason for which each dollar in damages is awarded. The court deemed that specific itemization of damages beyond the economic and noneconomic categories was thoroughly consistent with that legislative purpose. We have the same view. Confining a jury to a consideration of only economic loss and noneconomic loss, the literal language of the statute, would in many situations be ambiguous and possibly produce confusion. We consider that a more detailed itemization is not erroneous and in many cases will be of greater assistance to the jurors in determining what specific awards to allocate for the separate and compensable elements of damage.

As to the disposition on appeal, the circuit court's judgment is affirmed except for that portion and that amount, $50,000, awarded for the nature, extent and duration of the injury. That portion of the judgment is reversed. The plaintiff's argument that the verdict should not be disturbed at all because the defendant does not contend that the total award of $300,000 is an excessive recovery is not convincing. It would have us ignore the trial court's error. The defendant does contend that the award for nature, ex-

tent and duration was improper and unwarranted and asks for a reduction of $50,000 in the award. The jury was erroneously instructed as to a compensable element of damage and was given an itemized verdict form erroneously including it as a compensable element of damage. The jury followed the court's instruction and as part of its finding awarded damages for the various elements of damage on which the court had instructed it, including, by the court's error, "nature, extent and duration" in the amount of $50,000. A reviewing court may reverse a trial court's judgment in part to remedy the effect of the error. See *North Shore Marine, Inc. v. Engel* (1980), 81 Ill. App. 3d 530 (judgment modified to reduce excess caused by use of improper measure of damage); *Alsip Homebuilders, Inc. v. Shusta* (1972), 6 Ill. App. 3d 65 (punitive damages not recoverable in type of case but verdict did award specified amount for punitive damages; judgment affirmed as to compensatory damages and reversed as to punitive).

For the reasons given, the judgment of the appellate court is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*