DOROTHY HENDERSON, Plaintiff-Appellant, *v.* HARRY W. HUDSON *et al.*, Defendants-Appellees.

Fifth District   No. 83—16

Opinion filed January 5, 1984.—Supplemental opinion filed on rehearing March 2, 1984.

Freddy L. Shapiro, of Murphysboro, for appellant.

William J. Novick, of Fowler & Novick, of Marion, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Dorothy Henderson, brought an action against defendants, Harry Hudson and John Barnes, to recover damages sustained in a motor vehicle collision. A jury found that 95% of the negligence involved in the collision was attributable to plaintiff and entered a verdict in the amount of $1,155. Plaintiff appeals and claims that: (1) the verdict was against the manifest weight of the evidence; (2) the trial court erred by refusing to allow rebuttal examination of an occurrence witness; (3) certain instructions were erroneously given or omitted; and (4) the damages awarded were inadequate.

It was stipulated at trial that on the afternoon of May 5, 1981, plaintiff was driving her car in an easterly direction on Illinois Route 13, which is a divided four-lane highway, and that she was approaching the intersection with Carterville Road within Williamson County. It was further stipulated that, at this time, defendant Barnes was also traveling on Illinois Route 13 in the same direction and vicinity as plaintiff and that he was driving a tractor-semitrailer owned by defendant Hudson.

According to plaintiff, as she approached the intersection of Illinois

Route 13 and Carterville Road in the right-hand lane, there were two cars in front of her but the left lane was clear. Plaintiff said she observed defendants' truck in the left-hand lane when she looked in her rearview mirror, turned her turn signal on and then moved into the left lane of traffic in front of defendants' truck. Plaintiff testified that when she was several car lengths from the intersection, the traffic light turned red. Plaintiff's car stopped and defendants' truck struck the rear of plaintiff's car.

John Barnes, defendant, testified that he was driving in the left lane of Illinois Route 13 as he approached the intersection with Carterville Road. Mr. Barnes stated that plaintiff was driving in the right lane a short distance in front of him and that there were no vehicles traveling in front of plaintiff. According to Mr. Barnes, when he was about 50 feet from the intersection, plaintiff moved into the left lane without any signal and began to stop. Mr. Barnes said he blew his horn and applied his brakes but was unable to stop and, consequently, struck plaintiff's car in the rear.

Keith Bonnefield, who was an employee at a gas station located at the corner of the intersection of Illinois Route 13 and Carterville Road, testified that when he heard the sound of a horn, he looked up and observed plaintiff's automobile moving slowly in front of defendants' truck and then saw the collision take place. Mr. Bonnefield said the traffic light was yellow and that there were no vehicles in the right lane at the time of the impact.

After the defense rested, the trial court granted plaintiff leave to recall Mr. Bonnefield in rebuttal. Plaintiff's counsel examined Mr. Bonnefield regarding photographs of the area where the collision occurred and then attempted to examine him regarding a prior statement. Defense counsel objected to the inquiry as to Mr. Bonnefield's prior statement on the ground that it was "not proper rebuttal." The trial court sustained defense counsel's objection.

Mark Ross, another employee of the gas station located at the intersection where the collision occurred, testified that he saw plaintiff's car change lanes just prior to the collision. Mr. Ross said plaintiff's car pulled into the left lane in front of defendants' truck and proceeded to stop and that the truck sounded its horn and then collided with plaintiff's vehicle. Mr. Ross indicated that the traffic light was yellow at the time of impact and said that he observed no vehicles in the right lane at the time plaintiff's car changed lanes.

Roger Watkins, who was driving on Illinois Route 13 approximately five or six car lengths behind plaintiff's car and defendants' truck, testified that as the traffic light changed to yellow, plaintiff, with no one

in front of her and without a turning signal, suddenly cut into the left lane and that the truck could not stop. Mr. Watkins stated that plaintiff's car was three or four car lengths in front of the defendants' truck at the time of the lane change. Mr. Watkins further testified that the traffic light was red at the time of the collision.

Among the instructions given to the jury were Illinois Pattern Jury Instruction (IPI), Civil, No. A20.01 (1981 Supp.), which sets forth issues raised by the pleadings when there are multiple defendants. The trial court also gave the jury IPI Civil No. A45.06 (1981 Supp.), a modified general verdict form applicable to comparative negligence cases. The trial court refused, however, to give the jury plaintiff's instruction No. 23, which stated:

> "We, the Jury, find for the Plaintiff and against all of the Defendants and assess the Plaintiff's damages: for disability, present and future, in the amount of $_____; for pain and suffering, present and future, in the amount of $_____; for medical and out-of-pocket expenses, present and future, in the amount of $_____; and for wage loss, present and future, in the amount of $_____."

The jury found that the total amount of damages suffered by plaintiff was $23,100 and that the percentage of negligence attributable to the plaintiff was 95%. After reducing the total damages sustained by plaintiff by the percentage of negligence attributable to plaintiff, the jury's award amounted to $1,155.

■ Plaintiff asserts that "the diminuation [*sic*] of damages, attributed to plaintiff's negligence, is perverse, unreasonable and against the manifest weight of the evidence." In support of this argument plaintiff refers to the testimony regarding the collision and relies on the evidence that Roger Watkins testified that the traffic light was red at the time of the collision and that Mr. Barnes, the driver of the truck, was blind in his left eye. We conclude, however, in light of all the evidence presented, that the jury's determination that plaintiff was 95% negligent in this case was neither unreasonable nor against the manifest weight of the evidence.

■ Plaintiff also complains that the trial court erred by refusing to allow rebuttal examination of defense witness Keith Bonnefield regarding a prior statement which was not mentioned on either direct, cross, or redirect examination. The applicable rule is that the allowance of rebuttal evidence lies within the discretion of the trial court, and the trial court's ruling will not be set aside absent an abuse of discretion. (*Derrico v. Clark Equipment Co.* (1980), 91 Ill. App. 3d 4, 11, 413 N.E.2d 1345, 1352.) In the instant case, we find no abuse of discretion

because the alleged rebuttal evidence does not in any way explain, repel, contradict or disprove evidence introduced during defendant's case in chief. See 91 Ill. App. 3d 4, 11, 413 N.E.2d 1345, 1351.

Plaintiff next contends that the trial court erred by giving defendants' instruction No. 18 which was IPI Civil No. A20.01. Plaintiff's argument on appeal is, basically, that the instruction "was prejudicial to the plaintiff, in that the jury was unconstrained in finding negligence of plaintiff and was constrained in finding negligence of defendants." No such argument was raised by plaintiff at the conference on instructions and, therefore, the objection to the instruction complained of has been waived on appeal. *Stephenson v. Dreis & Krump Manufacturing Co.* (1981), 101 Ill. App. 3d 380, 387, 428 N.E.2d 190, 195; *LaPlaca v. Gilbert & Wolf, Inc.* (1976), 37 Ill. App. 3d 259, 262, 345 N.E.2d 774, 776.

Plaintiff further maintains that defendants' instruction No. 7, which is IPI Civil No. A45.06, "is phrased so that the burden of proof with regards to comparative negligence appears to be upon the plaintiff." Again, this specific objection was not raised in the trial court and is waived. *Stephenson v. Dreis & Krump Manufacturing Co.; LaPlaca v. Gilbert & Wolf, Inc.*

Finally, plaintiff urges that the trial court erred by refusing her instruction No. 23. She points out that under section 2—1109 of the Civil Practice Law, when damages are assessed by a jury, "*** the verdict shall be itemized so as to reflect the monetary distribution among economic loss and non-economic loss, if any." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1109.) Plaintiff further observes that instructions similar to her instruction No. 23 have met with approval from Illinois courts. *Powers v. Illinois Central Gulf R.R. Co.* (1981), 92 Ill. App. 3d 1033, 416 N.E.2d 1161, *aff'd in part, rev'd in part* (1982), 91 Ill. 2d 375, 438 N.E.2d 152; *Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 394 N.E.2d 721.

Defendants maintain that it is not mandatory that the type of instruction tendered by plaintiff be given to comply with section 2—1109 of the Civil Practice Law and point out that there is no Illinois Pattern Jury Instruction to conform with the statute. Alternatively, defendants urge that the trial court's failure to give plaintiff's instruction No. 23 amounts to harmless error only.

■ We agree with plaintiff's assertion that the trial court erred by refusing to give her instruction No. 23, which required that the jury verdict be itemized to reflect the monetary distribution between economic and noneconomic loss. The instruction, although non-IPI, is supported by both statute and case law.

Section 2—1109 of the Civil Practice Law provides:

"In every case where damages for injury to the person are assessed by the jury the verdict shall be itemized so as to reflect the monetary distribution among economic loss and non-economic loss, if any." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1109.) We note that the act plainly states that the verdict "shall" be itemized. Such language is generally regarded as being mandatory. (*Cf. Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335.) More importantly, we are of the opinion that the legislative history of section 2—1109 suggests a mandatory interpretation of the use of the word "shall." (See *Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 67, 394 N.E.2d 721, 725.) We therefore reject defendants' contention that the giving of such instruction cannot be considered as being mandatory.

The courts of Illinois previously have considered the application of section 2—1109 (formerly section 65.1 of the Civil Practice Act) on two occasions in which it was determined that it was not error for a trial court to give an instruction that required the verdict to be itemized as plaintiff requested in the case at bar. (*Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 394 N.E.2d 721; *Powers v. Illinois Central Gulf R.R. Co.* (1982), 91 Ill. 2d 375, 438 N.E.2d 152.) We are aware of no case, however, in which it has been held that the failure to instruct the jury to itemize its verdict as required by section 2—1109 is erroneous. No reason is suggested by defendants as to why the plain wording of section 2—1109 should be ignored other than their argument that its provisions are not mandatory and that no Illinois Pattern Jury Instruction has been promulgated to conform with the statute. We find such arguments to be unpersuasive and conclude that the failure to instruct the jury in compliance with section 2—1109 constitutes prejudicial error and requires reversal of the award of damages in the instant case.

■ Furthermore, since the legislative intent in adopting section 2—1109 "was to require jurors to carefully consider the purpose for which each dollar in damages was awarded" (*Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 67; see also *Powers v. Illinois Central Gulf R.R. Co.*), we cannot adopt defendants' contention that the failure to instruct pursuant to section 2—1109 of the Civil Practice Law was harmless when, as in the instant case, a proper request to do so is made. (*Cf. Robinson v. Greeley & Hansen* (1983), 114 Ill. App. 3d 720, 724-25, 449 N.E.2d 250, 253.) As stated in the Historical and Practice Notes to section 2—1109, one of the twin purposes for the passage of section 2—1109 was "that more information [contained in the jury verdict] will lead to a larger number of successful challenges to the nature or amount of damages awarded." (Ill. Ann. Stat., ch. 110, par. 2—1109, Historical and Practice Notes, at 829 (Smith-Hurd (1983).) That expec-

tation was not fulfilled in the case at bar. Plaintiff in this appeal urges that the damages awarded to her by the jury were inadequate. The trial court's refusal to give plaintiff's instruction No. 23 renders it impossible properly to evaluate the sufficiency of the damages awarded. Such error cannot be said to be harmless; therefore, a new trial should be granted on the issue of damages.

Since we have concluded that it was reversible error for the trial court to refuse plaintiff's tendered instruction No. 23, we need not address the other issue relating to damages raised by this appeal.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed in part and reversed in part and this cause is remanded for a new trial on the issue of damages only.

Affirmed in part; reversed in part and remanded.

JONES and KARNS, JJ., concur.

### SUPPLEMENTAL OPINION ON REHEARING

JUSTICE KASSERMAN delivered the opinion of the court:

Having granted plaintiff's petition for rehearing, we have reconsidered this cause without oral argument. In her petition for rehearing, plaintiff urges that the defense of comparative negligence rests "part and parcel" within the issue of damages, so as to be included in the new trial on damages. Defendants, on the other hand, contend that under this court's original opinion the trial court is not to allow any proceedings on the defense of comparative negligence. We agree with defendants.

■ Upon retrial as to damages the issue should be limited solely to the amount of plaintiff's damages, with the itemization of the verdict to be made by the jury as directed in our original opinion. The finding of the original jury as to the amount of plaintiff's comparative negligence should then be applied to the new finding as to the amount of plaintiff's damages. We reject plaintiff's contention that the amount of plaintiff's comparative negligence is intertwined with the amount of the damages so as to prevent a retrial as to damages without also a retrial as to the percent of plaintiff's comparative negligence.

For the foregoing reasons, the judgment of the circuit court of Williamson County is reversed and this cause is remanded for a new trial consistent with this opinion.

Reversed and remanded.

JONES and KARNS, JJ., concur.