HAROLD K. KRAVCIK II *et al.*, Plaintiffs-Appellants and Separate and Cross-Appellees, v. GOLUB AND COMPANY, INC., Defendant-Appellee and Cross-Appellant (Pacific Mutual Life Insurance Company, Defendant-Appellee and Separate Appellant).

First District (2nd Division)   Nos. 1—94—4314, 1—94—4315 cons.

Opinion filed June 26, 1996.—Rehearing denied February 20, 1997.—Modified opinion filed February 25, 1997.

Phillip H. Corboy, Thomas A. Demetrio, Francis Patrick Murphy, Michael K. Muldoon, and David A. Novoselsky, all of Chicago, for appellants.

Jennifer M. Lundy, George E. Riseborough, Barry L. Kroll, Brian J. Hunt, and Lloyd E. Williams, Jr., all of Chicago, for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Plaintiffs, Harold Kravcik (hereinafter Harold), and his wife, Sandra Kravcik (hereinafter Sandra), brought this action in the circuit court of Cook County against defendants, Golub & Company (hereinafter Golub), the on-site management company, and Pacific Mutual Life Insurance Company (hereinafter Pacific Mutual), the mortgagee in possession of the premises, to recover damages for personal injuries Harold sustained on an outdoor deck adjacent to the office building at which he worked. Following a jury trial, the

jury returned a verdict in favor of plaintiffs, awarding a net amount of $32,772.07 to Harold and $19,000 to Sandra, and the trial court entered the judgment upon the verdict. Plaintiffs filed a post-trial motion seeking a new trial on the issue of damages only, which the circuit court denied. It is from this order that plaintiffs now appeal to this court pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301). In addition, defendants filed a post-trial motion seeking setoffs for plaintiffs' prior settlement amounts, which the trial court denied and from which they cross-appeal to this court under Supreme Court Rule 303 (155 Ill. 2d R. 303).

For the reasons which follow, we affirm in part and reverse in part and remand with directions.

## FACTUAL BACKGROUND

We will limit our discussion to the facts pertaining to the issues on appeal. No questions regarding liability are raised. Harold was employed as an insurance agent for the John Hancock Insurance Company located at 85 West Algonquin Road, Arlington Heights, Illinois. On December 15, 1986, as Harold was walking across the patio deck adjacent to the building housing his workplace, he tripped and hit his head on a brick planter. The mortgagee in possession of the building was Pacific Mutual, and it had retained Golub as the on-site property manager.

At trial, Dr. Robert Eilers, Dr. Jerry Sweet, and Dr. James Harrison testified on behalf of plaintiff. Dr. Eilers testified that, as a result of the occurrence, Harold suffered a mild to moderate closed head injury, multiple cognitive deficits, impairment to his memory and problem-solving abilities and insight into his own deficits, and a seizure disorder.

Dr. Sweet, a treating neuropsychologist, testified that after the incident, Harold suffered from depression, headaches, memory difficulties, and verbal learning and memory problems, as well as deficits in organizing behavior and functioning. Dr. Sweet explained that the occurrence aggravated Harold's prior psychological problems and learning deficits. He also stated that Harold is unable to conduct normal daily activities and would be unable to work in the future.

Dr. Harrison, Harold's regular physician, testified via videotaped evidence deposition that he was treating Harold for a seizure disorder and memory problems. His role was to monitor the blood levels of the medication which had been prescribed to Harold. In sum, all three doctors stated that Harold's condition was permanent.

Dr. David Shenker, Ronald Ganellan, Ph.D., and Dr. James Cavanaugh testified on behalf of defendants. Dr. Shenker, a neurologist,

testified concerning Harold's prior medical history and his condition after the occurrence. Dr. Shenker stated that he examined Harold on October 6, 1992, and found Harold had suffered a mild concussion due to the fall. Dr. Shenker stated that Harold did *not* suffer any brain damage, ongoing neurologic consequences, memory problems, seizures, vision problems or headaches as a result of the accident, but had physical and mental problems prior to the accident.

Ganellan, a neuropsychologist, treated Harold during his post-occurrence treatment and testified that he had a mild head injury. He opined that Harold's difficulties were the result of a psychiatric condition, rather than the result of a head injury.

Defendants presented a videotaped evidence deposition of Dr. Cavanaugh, a psychiatrist who examined Harold. He testified that Harold's difficulties were present before as well as after the incident of December 15, 1986. Dr. Cavanaugh opined that Harold could not have returned to work in his condition. He found that Harold demonstrated a dysfunction whereby he complains of physical or organic symptoms, which are actually based on underlying psychological problems. Dr. Cavanaugh testified that he found no evidence of any closed head injury or organic mental disorder or permanent injury. Dr. Cavanaugh proceeded to list a litany of conditions Harold suffered prior to the occurrence, including blackouts, "seizures," depression, poor memory, migraine headaches, numbness in parts of his body, change in personality, vertigo and fatigue, nervous breakdowns, pain and blurring in eyes, and nausea.

Harold has not returned to any substantive employment since the date of the incident. Dr. Cavanaugh, Dr. Eilers, and Dr. Sweet all testified that Harold was unable to work.

At the jury instruction conference, plaintiffs tendered plaintiffs' instruction No. 20, which included Illinois Pattern Jury Instructions, Civil, Nos. 30.03, 30.04, 30.05, 30.06, 30.07 (3d ed. 1989) (hereafter IPI Civil 3d). Plaintiffs also tendered a verdict form based on IPI Civil 3d No. B45.03.A, plaintiffs' instruction No. 31, which included an itemization for the aggravation of any preexisting ailment or condition as a separate item of damages. The trial court refused both of plaintiffs' instructions. The jury was given Pacific Mutual's instruction No. 7, which was identical to plaintiffs' instruction No. 20, except that it did not contain reference to aggravation of a preexisting condition as a separate compensable element of damages. Plaintiffs' instruction No. 22 was also given, containing IPI Civil 3d No. 30.21, which instructed the jury that it may not limit or deny plaintiffs' damages because any injury resulted from an aggravation of a preexisting condition or a preexisting condition that rendered plaintiff more susceptible to injury.

The jury's verdict allocated negligence as follows: Golub—65%; Pacific Mutual—30%; and Kravcik—5%. The jury awarded damages in the gross amount of $34,497 to Harold Kravcik: $25,000 for pain and suffering, $8,297 for medical expenses, and $1,200 for lost wages. The jury awarded damages in the gross amount of $20,000 to Sandra Kravcik.

The following pertinent facts relate to the cross-appeal. Harold and his spouse, Sandra, filed a suit against defendants, Golub, Pacific Mutual, Osmond Construction Corporation (hereinafter Osmond), Crossfield Products, and Dex-O-Tex. Golub filed a third-party complaint against Hascek-Melville Corporation. Plaintiffs settled their suit against Osmond, the contractor that constructed the patio deck, for $5,000. Plaintiffs also settled their action against third-party defendant Hascek-Melville Corporation, the installer of the patio surface, for $15,000. On October 8, 1992, the trial court entered two separate orders, finding both settlements to be in good faith. The trial court dismissed Osmond with prejudice and dismissed Golub's third-party complaint against Hascek-Melville Corporation with prejudice. Furthermore, plaintiffs reached a settlement with Crossfield Products and Dex-O-Tex, the manufacturers of the patio surface, for a total of $45,000. The trial court entered an order on November 4, 1992, which found the settlement to be in good faith and dismissed both defendants from the suit with prejudice. Subsequent to the jury's verdict and prior to the entry of a judgment order, Golub and Pacific Mutual each requested that the trial court set off the prior settlement amounts, totaling $65,000, against the jury's net award of $32,772 to Harold and $19,000 to Sandra. The trial court ultimately denied the motion. Defendants now cross-appeal.

## ISSUES PRESENTED FOR REVIEW

On appeal, plaintiffs argue that the trial court committed reversible error, and abused its discretion, in denying plaintiffs' post-trial motion, which stated it failed to provide the jury with a verdict form that included an itemization for "aggravation of any pre-existing ailment or condition." In addition, plaintiffs argue that the trial court erred because it did not instruct the jury that aggravation of a preexisting condition is a separate compensable item of damages. Plaintiffs assert that they are entitled to a new trial on the issue of damages only. On cross-appeal, defendants argue that they are entitled to set off the amounts paid to plaintiffs by settling codefendants in order to reduce or eliminate the plaintiffs' judgments.

## OPINION

■ A reviewing court will only reverse a trial court's denial of a

motion for a new trial if there exists an abuse of discretion. See *Natalino v. JMB Realty Corp.*, 277 Ill. App. 3d 270, 660 N.E.2d 138 (1995).

Plaintiffs first contend that the trial court erred by giving improper jury instructions and an improper verdict form. Specifically, plaintiffs argue that the instructions did not instruct the jury to consider the aggravation of Harold's preexisting condition as an element of damage and the verdict form did not include an itemization for "the aggravation of any pre-existing ailments or condition." Plaintiffs claim that they are entitled to a new trial on the issue of damages only.

■ Pursuant to Supreme Court Rule 239(a) (134 Ill. 2d R. 239(a)), "[w]henever Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, *the IPI instruction shall be used,* unless the court determines that it does not accurately state the law." (Emphasis added.) 134 Ill. 2d R. 239(a). IPI Civil 3d No. 30.03 provides that "[t]he aggravation of any pre-existing ailment or condition" is a separate element of compensable damages in Illinois. *Behles v. Chicago Transit Authority,* 346 Ill. App. 220, 231, 104 N.E.2d 635, 640 (1952); *Wheeler v. Roselawn Memory Gardens,* 188 Ill. App. 3d 193, 543 N.E.2d 1328 (1989). However, this court in *Smith v. City of Evanston,* 260 Ill. App. 3d 925, 631 N.E.2d 1269 (1994), held that aggravation of a preexisting condition is not a separate element of damage because it duplicates or overlaps recovery for other elements of damage in violation of the holding in *Powers v. Illinois Central Gulf R.R.,* 91 Ill. 2d 375, 438 N.E.2d 152 (1982). But see *Ficken v. Alton & Southern Ry. Co.,* 255 Ill. App. 3d 1047, 625 N.E.2d 1172 (1993) (the trial court committed reversible error when it refused this instruction on the basis of the *Powers* rationale). The "Notes on Use" state that this element may be inserted between the two paragraphs of IPI Civil 3d No. 30.01 if the court determines that the law and the evidence justify its use. If this instruction is given, IPI Civil 3d No. 30.21 should also be given.

Plaintiffs rely on *Balestri v. Terminal Freight Cooperative Ass'n,* 76 Ill. 2d 451, 394 N.E.2d 391 (1979), and *Ficken* to support their contention that aggravation of preexisting conditions is a separate compensable element of damages. First, our supreme court in *Balestri* held that a tortfeasor is liable for injuries he causes, even though the injuries consist of the aggravation of a preexisting condition. Proper judicial guidance should be given to the jury when considering the damage award. Giving a general instruction, such as IPI Civil 2d No.

30.03 was inadequate, and additional instruction was needed. The *Balestri* decision is the basis for what is now IPI Civil 3d No. 30.21. Thus, the supreme court affirmed the appellate court's decision in granting a new trial on the issue of damages only.

In *Ficken*, the plaintiff, having a previous history of back trouble, injured his back while working in the defendant's railroad yard and brought an action against his employer under the Federal Employers' Liability Act (45 U.S.C.A. § 51 *et seq.* (West 1986)). *Ficken*, 255 Ill. App. 3d at 1052. The jury returned a general verdict in favor of the defendant-employer. Upon review, the appellate court found a cumulation of errors that denied the plaintiff a fair trial. *Ficken*, 255 Ill. App. 3d at 1053. Specifically, the appellate court held that the trial court committed reversible error when it refused to give IPI Civil 3d No. 30.03, as part of IPI Civil 3d No. 30.01, yet allowed IPI Civil 3d No. 30.21. *Ficken*, 255 Ill. App. 3d at 1053. The appellate court stated:

> "The law is clear that a tortfeasor is liable for injuries he causes, including the aggravation of any preexisting condition. [Citations.] *The aggravation of a preexisting ailment or condition is a separate element of compensable damages.* [Citations.] We do not agree with the trial court that IPI Civil 3d No. 30.03 permits a double recovery. Instead, we believe that the combination of IPI Civil 3d No. 30.03 and IPI Civil No. 30.21 correctly states the law in Illinois ***. [Citation.] To give IPI Civil 3d No. 30.21 without IPI Civil 3d No. 30.03 is *** confusing." (Emphasis added.) *Ficken*, 255 Ill. App. 3d at 1056.

The *Ficken* court found the inadequate jury instruction to be reversible error and granted a new trial. *Ficken*, 255 Ill. App. 3d at 1056.

One recent decision, the *Smith* case, has deviated from the plethora of cases holding that the aggravation of a preexisting condition is a separate element of compensable damages and, thus, has caused confusion. Defendants rely heavily on the *Smith* ruling. However, we believe that the *Smith* court ignored prior case law and ignored the IPI Civil instructions. In *Smith*, the court adopted the *Powers* rationale. Our supreme court in *Powers* held that the "nature, extent, and duration" of a plaintiff's injury may be considered by a jury in determining damages but may not be the basis for a separate award in addition to other elements of damage such as pain and suffering, economic loss through lost earnings, and disability, even though the nature of plaintiff's injury is listed as a separate element in the pattern jury instructions (IPI Civil 3d No. 30.02). *Powers*, 91 Ill. 2d at 384. Thus, the *Powers* court concluded that duplication or overlapping of the compensable elements for which the jury is to al-

low damages will be avoided. *Powers*, 91 Ill. 2d at 384. This decision came only after searching all relevant legal precedent in Illinois and the United States. *Powers*, 91 Ill. 2d at 378-84. We further note that the issue of whether the aggravation of a preexisting condition was a separate compensable element of damages was never an issue before the *Powers* court.

In *Smith*, the trial court had granted plaintiff's motion for a new trial on damages only to correct misleading jury instructions with regard to the legal meaning of definitional damage terms. The plaintiff had been awarded damages for medical costs, lost earnings, past pain and suffering and for aggravation of preexisting conditions. The defendants appealed. Upon review, the appellate court did not find that the trial court abused its discretion. *Smith*, 260 Ill. App. 3d at 935. It stated:

> "Just as the court in *Powers* could find no measure for the nature of the injury as a separable element of damages, we find no measure for the value of aggravation of a preexisting condition that is separate from the other elements of damages. *** An award for aggravation of a preexisting condition overlaps with awards for all of the other elements of damages, so inclusion of aggravation of conditions as a separate element leads to the same possibility of overcompensation that led the court in *Powers* to rule against the use of nature of the injury as a separate element of damages, despite the approval of that as a separate category of damages in the IPI instructions then in effect. Insofar as *Parvin v. Sill* (1985), 138 Ill. App. 3d 325, 329-30, 486 N.E.2d 262, conflicts with our assessment of the meaning of *Powers*, we decline to follow *Parvin*." *Smith*, 260 Ill. App. 3d at 935.

We decline to follow the *Smith* case, as it ignored prior well-reasoned case law and the established pattern jury instructions. The *Smith* ruling is an aberration from existing Illinois authority. Accordingly, we find that defendants' reliance on this case is misguided.

■ In the case *sub judice*, plaintiff's instruction No. 20 should have been given. The trial court violated Rule 239(a) (134 Ill. 2d R. 239(a)) by not instructing the jury as such. We find that IPI Civil 3d No. 30.03 accurately states the law in the instant case and that the jury should have been instructed to take into account the aggravation of preexisting condition as a separate compensable element of damages. IPI Civil 3d No. 30.03 is applicable because Harold suffered from many preexisting mental and physical conditions before the accident on December 15, 1986. Dr. Sweet provided extensive expert testimony that the occurrence on December 15, 1986, aggravated Harold's prior psychological problems, learning deficits and depression. The evidence amply supports that a head injury, whether slight or

severe, aggravated Harold's preexisting conditions. Thus, IPI Civil 3d No. 30.03 should have been given.

To instruct the jury only under IPI Civil 3d No. 30.21, where the jury may not deny or limit Harold's right to damages resulting from the occurrence because any injury resulted from an aggravation of a preexisting condition or a preexisting condition that rendered him more susceptible to injury, without IPI Civil 3d No. 30.03 was inadequate. It did not present a complete view of the law to the jury. We find that the trial court failed to sufficiently set forth the applicable law on aggravation of a preexisting injury. In the Notes on Use of IPI Civil 3d No. 30.03, it states that when IPI Civil 3d No. 30.03 is given, IPI Civil 3d No. 30.21 should also be given. Therefore, we conclude that IPI Civil 3d No. 30.21 and IPI Civil 3d No. 30.03 go hand in hand. In light of the foregoing, we reverse the trial court's decision, finding that the court abused its discretion when it failed to properly instruct the jury as to IPI Civil 3d No. 30.03, but we affirm the trial court's rejection of the instruction regarding the itemization for the aggravation of any preexisting ailment or condition as a separate item of damages in the verdict form.

■ Plaintiffs' second contention is that it is proper for this court to grant their motion for a new trial on the issue of Harold's damages only. A reviewing court may grant a new trial limited to damages where: (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error that resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability. *Balestri v. Terminal Freight Cooperative Ass'n*, 76 Ill. 2d 451, 457, 394 N.E.2d 391 (1979). In the present case, the record amply supports the jury's verdict on the liability issue. The issues of damages and liability are separate and distinct, as both parties conceded this during oral arguments of this case. Furthermore, the record shows that the jury did not reach a compromise verdict, nor did the verdict affect the liability question. We, therefore, find that the requisite elements are present in this case and, accordingly, grant a new trial as to the issue of damages only in regard to Harold's claims. We note that our decision does not impact the damages award and judgment entered in favor of Sandra Kravcik.

On cross-appeal, defendants argue that the judgments in favor of each plaintiff must be reduced by the prior settlements in order to prevent double recovery and to protect the financial interests of non-

settling defendants. Plaintiffs respond by stating that the burden is on defendants to prove the allocation of the settlements between Harold and Sandra. Since the burden was not met, plaintiffs submit that defendants are not entitled to a setoff. We agree.

■ The Joint Tortfeasor Contribution Act (Act) (Ill. Rev. Stat. 1987, ch. 70, par. 300 *et seq.* (now 740 ILCS 100/1 *et seq.* (West 1992))) provides that a settlement between one joint tortfeasor and the plaintiff will result in a setoff in the amount of the settlement against any judgment entered against nonsettling tortfeasors, even if the plaintiff's award is thereby reduced to zero dollars. *Pasquale v. Speed Products Engineering*, 166 Ill. 2d 337, 369, 654 N.E.2d 1365 (1995), citing *Kipnis v. Meltzer*, 253 Ill. App. 3d 67, 68, 625 N.E.2d 320 (1993). Under the Act, while a nonsettling tortfeasor might seek to utilize the entire amount of a prior settlement as a setoff, the only amounts that may normally be applied are those that compensated for the same injury for which the tortfeasor was ultimately found liable. *Pasquale*, 166 Ill. 2d at 369; *Patton v. Carbondale Clinic, S.C.*, 161 Ill. 2d 357, 366, 641 N.E.2d 427 (1994). The Act codifies the hoary tenet that a plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for the injury. *Kipnis*, 253 Ill. App. 3d at 68. Furthermore, our supreme court has emphasized two policy considerations for the issue of setoff for prior settlements; they are to prevent double recovery and to protect the financial interests of nonsettling defendants. *Wilson v. The Hoffman Group, Inc.*, 131 Ill. 2d 308, 322, 546 N.E.2d 524 (1989).

■ A recent supreme court case held that, generally, the party seeking the setoff bears the burden of proving what portion of a prior settlement was allocated or is attributable to the claim for which he is liable. *Pasquale*, 166 Ill. 2d at 369, citing *Kipnis*, 253 Ill. App. 3d at 68. Setoffs must normally be pleaded. The supreme court, however, has previously found that where a plaintiff recovers for several injuries in a previous lawsuit and fails to apportion damages accordingly, a subsequent defendant may be relieved of this burden. *Pasquale*, 166 Ill. 2d at 369, citing *Patton v. Carbondale Clinic*, 161 Ill. 2d 357, 641 N.E.2d 427 (1994).

■ Defendants rely on *Patton* to support their arguments. Yet, we believe that *Patton* was a narrow ruling and will not be broadened by this court. It is also factually distinguishable from the case before us. In *Patton*, Susanne Patton, now deceased, was a passenger in a vehicle involved in an accident. The decedent was taken to a hospital, where she was negligently treated by the medical staff. The decedent had been released prematurely, and was readmitted for emergency surgery shortly thereafter and died three days later. The plaintiff,

Susanne's mother, filed suit against the driver of the car, the maker of the car, and doctors who treated Susanne. Two of the defendants settled with the plaintiff in good faith and were dismissed. The non-settling tortfeasors, the doctors, proceeded to trial. Ultimately, the jury awarded the plaintiff $700,000 in damages and the court held that the defendants were not entitled to a setoff. The supreme court reversed the trial and appellate courts upon finding that two separate injuries existed: (1) the injury from the accident; and (2) the injury from the defendants' negligent treatment of the first injury. *Patton*, 161 Ill. 2d at 366. Susanne's injuries were divisible, yet it was impossible for the court to determine the amount of the settlement recovered for each injury. *Patton*, 161 Ill. 2d at 370. Since several injuries existed, the supreme court held that the defendants should not bear the burden of the plaintiff's failure to properly allocate the settlement. *Patton*, 161 Ill. 2d at 371, 373. Accordingly, it held that the defendants were entitled to an entire setoff of the prior settlements. *Patton*, 161 Ill. 2d at 373.

Unlike *Patton*, Harold and Sandra were awarded damages for Harold's head injury sustained on December 15, 1986, which was a single indivisible injury. There did not exist several injuries but, rather, multiple theories of recovery. Thus, under both *Patton* and *Pasquale*, it is defendants who have the burden of establishing the amount of the settlements that Harold actually received from Hascek-Melville, Osmond, Crossfield Products, and Dex-O-Tex in order to be entitled to a setoff. Defendants have not met this burden. Defendants have failed to establish that plaintiffs have in fact been compensated twice. Most importantly, defendants have failed to request a good-faith hearing to determine the allocation of the damages award between plaintiffs. Thus, defendants have not proved or pled their entitlement to setoffs. We are not persuaded by defendants' argument that our decision creates "an impossible solution" nor does it create loopholes. We simply applied the law as it stands. Accordingly, we affirm the trial court's decision in finding that as a matter of law, defendants are not entitled to a setoff against the verdict entered in favor of each plaintiff for the amounts recited in the prior settlements.

For the foregoing reasons, we affirm in part and reverse in part the judgment of the circuit court and remand this cause to the circuit court for a new trial on the issue of damages only and for further proceedings consistent with the views contained herein.

Affirmed in part; reversed in part and remanded with directions.

GREIMAN and CERDA, JJ., concur.