## Frank Moskal, Appellee, v. New Era Commercial Association. Douglas Park State Bank, Garnishee, Appellant.

### Gen. No. 28,061.

GARNISHMENT—*credits liable to garnishment.* A bank is not liable as garnishee where the garnishment proceeding is based on a judgment taken by confession in a suit against an association by its trade name, which association is a voluntary unincorporated one under a common-law trust declaration, operating through trustees, and the garnishee's answer shows that the bank account in question, although standing in the name of such association, is in fact that of the trustees, such association not being a suable entity.

Appeal by defendant from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed with finding of fact. Opinion filed March 13, 1923.

HARRY S. DITCHBURNE and STEPHEN A. THIEDA, for appellant.

JAMES J. GAUGHAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal by the Douglas Park State Bank, from a judgment against it as garnishee, for $701.77 and costs, in favor of the "New Era Commercial Association, a common-law trust," for the use of Frank Moskal, plaintiff below. The garnishment proceeding is based on a judgment for $929.47, taken by confession in the original suit of Moskal against said association by such designation.

The garnishee answered that it had no credits, etc., or moneys belonging to said association, but that it had money belonging to its trustees, in whom the title

was vested for the uses and purposes of the trust. The answer was contested, and the hearing had without a jury.

The proof showed that the garnishee bank had an account in the name of said association, the balance of which was $701.77, and that said association was unincorporated and operated in said name through trustees under the provisions of a declaration of trust. Plaintiff resting upon proof to that effect, the garnishee asked for a finding in its favor, which the court denied.

We need not consider whether the original suit should have been brought against the trustees or members of the association, which might depend upon the way in which the trustees were to conduct the affairs committed to their charge (*Williams v. Inhabitants of Milton,* 215 Mass. 1; *Frost v. Thompson,* 219 Mass. 360, 365); for as a general rule an unincorporated association cannot be sued as such. (30 Cyc. pp. 99, 100; *Karges Furniture Co. v. Amalgamated Woodworkers' Local Union,* 165 Ind. 421, 75 N. E. 877, 2 L. R. A. (N. S.) 788, 6 Ann. Cas. 829; *Pickett v. Walsh,* 192 Mass. 572, 78 N. E. 753, 6 L. R. A. (N. S.) 1067, 7 Ann. Cas. 638.) Based upon statutes or considerations not applicable here, judgments against trade unions have been recognized in some cases. (See *United Mine Workers of America v. Coronado Coal Co.,* 259 U. S. 344, 42 Sup. Ct. Rep. 570; *Barnes & Co. v. Chicago Typographical Union,* 232 Ill. 402.) But there is nothing said in those cases, nor is there anything in our statutes or the facts of this case to take it out of the common-law rule above stated, which recognizes that none but a natural or artificial person can become a party to a suit. (30 Cyc. pp. 26, 28.) In *Godair's Estate v. Case,* 220 Ill. App. 348, where the suit was brought in the name of an estate held in trust, we held the action failed because the named plaintiff lacked legal entity to sue. The same is true where,

as here, the name in which the party is sued is a mere trade name.   (30 Cyc. 28.)

While from the parts of the declaration in trust introduced in evidence the trustees would seem to have been proper parties to the original suit, yet as the New Era Commercial Association is an unincorporated association and not a legal entity, and therefore not suable, the judgment against the so-called trust by such name was a nullity and afforded no basis for the support of the judgment against the garnishee and the latter could properly inquire into the validity of the antecedent proceedings.   (*Kirk v. Elmer H. Dearth Agency,* 171 Ill. 207.)

As plaintiff's evidence alone established the contention of the garnishee that there was nothing owing from it to the association as such, and the title to the bank account was vested in certain trustees, the court erred in not finding the issues for the garnishee.

Accordingly the judgment against the garnishee will be reversed with a finding of fact.

*Reversed with a finding of fact.*

MORRILL and GRIDLEY, JJ., concur.

Finding of fact.   We find that the title to the bank account in question was vested in certain trustees of an unincorporated association designated as the New Era Commercial Association, and not in said association.