DANIEL WHEELER, Plaintiff-Appellee, v. ROSELAWN MEMORY GARDENS, Defendant and Third–Party Plaintiff-Appellee (Harry Henkhaus *et al.*, Defendants-Appellants; Daniel Wheeler, d/b/a Wheeler Stone Company, Third–Party Defendant-Appellant).

Fifth District No. 5—87—0191

Opinion filed September 1, 1989.

194

Robert G. Raleigh, of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellants Harry Henkhaus and Verna Henkhaus.

Stephen W. Thomson, Steven M. Aroesty, and Curtis L. Blood, all of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, of Edwardsville, for appellant Daniel Wheeler, d/b/a Wheeler Stone Company.

Gordon R. Broom and Madelyn J. Lamb, both of Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellee Roselawn Memory Gardens.

David W. Dugan, of Law Offices of Gary E. Peel, of Edwardsville, for appellee Daniel Wheeler.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff, Daniel Wheeler, d/b/a as Wheeler Stone Company, a solely owned, unincorporated proprietorship, contracted to do masonry work at defendant Roselawn's premises. Wheeler Stone Company erected scaffolding which was put in place by Daniel Wheeler and another employee of Wheeler Stone Company.

As he was moving the scaffolding, plaintiff noticed a board dangerously close to a crossmember and climbed the scaffold to move the board. He tried to push the board, but it fell and plaintiff twisted his back. Plaintiff sued Roselawn in Madison County under two theories: (1) violation of the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60 *et seq.*) and (2) negligence in failing to provide a reasonably safe workplace. Roselawn filed a third-party complaint for contribution and indemnity against Daniel Wheeler, d/b/a Wheeler Stone Company.

While *Wheeler v. Roselawn* was pending, plaintiff slipped on the steps of his home in Bond County and further injured his back. He sued his landlords, Harry and Velma Henkhaus, claiming they negligently allowed a handrail on the steps to be loose. Plaintiff joined the Henkhauses' case with the Roselawn case in Madison County.

The circuit court of Madison County denied the Henkhauses' motion to sever and transfer their case to Bond County. Both cases proceeded to trial.

Plaintiff settled with Roselawn immediately before opening statements. Roselawn tendered to Daniel Wheeler, d/b/a Wheeler Stone Company, the opportunity to participate in the settlement so as to settle Roselawn's third-party complaint against Wheeler Stone. Wheeler Stone, represented by counsel different from counsel representing plaintiff, Daniel Wheeler, refused to participate. The settlement agreement, therefore, expressly reserved Roselawn's rights against Daniel Wheeler, d/b/a Wheeler Stone Company.

*Wheeler v. Henkhaus* proceeded to trial together with Roselawn's third-party claim against Daniel Wheeler, d/b/a Wheeler Stone Company.

The circuit court entered judgment for Roselawn on its third-party complaint against Daniel Wheeler, d/b/a Wheeler Stone Com-

pany, for 95% of the damages paid by Roselawn to plaintiff, Daniel Wheeler.

The jury returned a verdict for plaintiff, Daniel Wheeler, against the Henkhauses, but found plaintiff 80% at fault and reduced his recoverable damages accordingly.

## I

*Roselawn v. Daniel Wheeler, d/b/a Wheeler Stone Company*

Daniel Wheeler, d/b/a Wheeler Stone Company, appeals, claiming that the circuit court erred in refusing to dismiss Roselawn's third-party complaint for indemnity and contribution.

■ Ordinarily the dispositive issue in cases wherein plaintiff is a sole proprietorship is whether plaintiff is within the protection of the Structural Work Act. If not, there can be no recovery. If so, no counterclaim for implied indemnity or for contribution is allowed. (*Brown v. Village of Shipman* (1980), 89 Ill. App. 3d 162, 411 N.E.2d 569.) Whether plaintiff is within the protection of the Act, however, has been waived by the settlement entered between plaintiff and defendant, Roselawn.

Roselawn argues instead that the circuit court properly allowed its third-party claim under the doctrine of "dual capacity" announced in *National Oats Co. v. Volkman* (1975), 29 Ill. App. 3d 298, 330 N.E.2d 514, because Daniel Wheeler, d/b/a Wheeler Stone Company, has a legal status and economic identity separate from that of Daniel Wheeler, namely: Daniel Wheeler, as plaintiff, sued in the capacity of employee, but defended the third-party complaint as an employer. (See *Palier v. New City Iron Works* (1967), 81 Ill. App. 2d 1, 225 N.E.2d 67.) We reject Roselawn's argument.

■ Daniel Wheeler, d/b/a Wheeler Stone Company, is neither a corporation nor a partnership, but merely a trade name, a name under which Daniel Wheeler does business as a sole proprietor. Wheeler Stone Company has no life of its own and cannot be sued. Plaintiff, Daniel Wheeler, was the real party in interest. (*Moskal v. New Era Commercial Association* (1923), 228 Ill. App. 278.) Therefore, Roselawn's so-called third-party complaint was, in actuality, a counterclaim against Daniel Wheeler (Ill. Rev. Stat. 1985, ch. 110, par. 2—608(a)), which attempted to reduce Roselawn's damages in whole or in part, either under implied indemnity or under the Contribution Act.

■ One who is liable under the Structural Work Act cannot shift responsibility to the plaintiff by claiming a right to indemnity or contribution, because the Structural Work Act is a safety statute causing

the "sole inquiry [to be] an assessment of the defendant's culpability and not the plaintiff's conduct." (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 459, 473 N.E.2d 946, 953.) Therefore, Roselawn's claim must fail.

■ In addition to a Structural Work Act claim, plaintiff also had a negligence claim. Insofar as that claim is concerned, Roselawn has attempted to raise plaintiff's own negligence as a counterclaim to plaintiff's negligence claim against it. No such counterclaim will lie. *Brown v. Village of Shipman*, 89 Ill. App. 3d at 166, 411 N.E.2d at 572.

■ Once Roselawn settled with plaintiff, no issue between them was left pending. Therefore, judgment for Roselawn against Daniel Wheeler, d/b/a Wheeler Stone Company, was erroneously entered and is vacated.

## II

### *Daniel Wheeler v. Harry and Velma Henkaus*

#### A

Plaintiff filed a motion to dismiss the Henkhaus appeal on grounds that the notice of appeal was filed too late. We deny that motion.

During trial, defendants got leave of court to file an affirmative defense of setoff. Judgment was entered against the Henkhauses on April 21, 1986. On April 25, 1986, they filed their affirmative defense alleging that they were entitled to set off against their liability the amount paid by Roselawn to Daniel Wheeler under the settlement. On September 11, 1986, the circuit court entered an order striking defendants' third affirmative defense. Post-trial motions were filed by defendants October 11, 1986. On February 13, 1987, the circuit court entered an order denying defendants' motion for judgment *n.o.v.*, motion for new trial, and post-trial motion. Defendants filed their notice of appeal on March 11, 1987.

Plaintiff argues: post-trial motions must be filed within 30 days after the entry of judgment (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(c)); the April 21, 1986, order was a final judgment; defendants did not file their notice of appeal until March 11, 1987; therefore, the appeal should be dismissed.

Defendants argue, however, that the April 21, 1986, judgment was not final, because on that date the issue of setoff was still pending.

■ "It is well settled that a final judgment is one that determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment." *People v. Hanson* (1985), 134 Ill. App. 3d 1002, 1005, 481 N.E.2d 733, 734 , citing *Relph v. Board of Education* (1981), 84 Ill. 2d 436, 420 N.E.2d 147; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371.

■ The April 21, 1986, judgment in this case was not a final judgment. The issue of setoff remained alive until denied September 11, 1986. Timely post-trial motions kept open the litigation until February 13, 1987, and defendants' notice of appeal filed on March 11, 1987, therefore, was timely filed.

Plaintiff next contends that the post-trial motion filed October 11, 1986, was a successive post-trial motion condemned under the holding of *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.

In *Sears*, the Illinois Supreme Court condemned the practice of filing motions to reconsider denials of post-trial motions and gave warning to practitioners—one post-trial motion is all the law allows, and motions to reconsider rulings on post-trial motion are legal eunuchs, unable to halt the running of the time in which notice of appeal must be filed.

The application of the *Sears* doctrine to this case necessarily raises the question of whether the affirmative defense of set off, filed after the trial ended, was a post-trial motion.

■ The distinction between a post-trial motion and other motions is clear. A post-trial motion offers an opportunity to correct errors of law made during the trial. (*Larson v. Harris* (1966), 77 Ill. App. 2d 430, 433-34, 222 N.E.2d 566, 568, *aff'd* (1967), 38 Ill. 2d 436, 231 N.E.2d 421; *People ex rel. Gustafson v. City of Calumet City* (1968), 101 Ill. App. 2d 8, 241 N.E.2d 512.) Other motions seek to affect the trial or its outcome.

■ In this case, the motion to file the affirmative defense of setoff was filed only after plaintiff's damages due him from Roselawn were made definite by settlement. The affirmative defense did not offer an opportunity to correct errors of law made during the trial.

Lastly, merely because the motion was filed after trial does not make it a post-trial motion; after all, leave to file was obtained during trial.

Under these circumstances, we find no successive post-trial motions filed by the Henkhauses, and *Sears*, therefore, does not apply.

B

Defendants Henkhaus assert that the circuit court erred in refus-

ing to sever their case from plaintiff's case against Roselawn. This assertion fails for two reasons.

 ██ Firstly, plaintiff's complaint alleges that the injuries he received in the Roselawn case were aggravated by the injury on the Henkhauses' property and that he is unable to determine what percentage of his injuries is attributable to each incident. These allegations cause this case to fall within the holding in *Schwartz v. Swan* (1965), 63 Ill. App. 2d 148, 211 N.E.2d 122. In *Schwartz*, the appellate court held that the Civil Practice Act as interpreted in *Johnson v. Moon* (1954), 3 Ill. 2d 561, 121 N.E.2d 774, authorizes joinder of defendants where the complaint asserts a liability arising out of a series of transactions, unless it can be shown with reasonable certainty to which occurrence plaintiff's injuries are attributable. In the case at bar, plaintiff crossed the threshold into *Schwartz* by alleging two incidents, aggravation of an injury received in the first and an inability to attribute his injuries to each incident. Conversely, defendants did not push the case out of the *Schwartz* doctrine by directing the circuit court to any evidence from which reasonable certainty of attribution could be inferred. Therefore, the circuit court did not abuse its discretion in refusing to sever these cases.

Secondly, and most importantly, the settlement between plaintiff and Roselawn had the same effect as severance. In fact, the jury was told that the only damages they were to determine were those flowing from the Henkhauses' case. It is difficult to see how a claim of abuse of discretion in refusing to sever can be made under these circumstances, because no harm can be discerned.

## C

The Henkhauses next claim that they are entitled to have the amount of the settlement between plaintiff and Roselawn deducted from the judgment against them. They claim entitlement to this setoff because they say plaintiff claimed one indistinguishable injury and is entitled to only one compensation for that injury. They misconstrue this case.

 Plaintiff has alleged not one, but two separate injuries, albeit to the same general portion of his anatomy. He, in effect, has said, "I hurt; I was injured twice; I cannot divide the pain or attribute one portion to Roselawn, and this other portion to the Henkhauses." This is the gist of the joinder: not that he claims one pain, one injury, but that he claims one pain, two injuries. Merely because it might be "difficult *** to establish the exact proportion of injury caused by each occurrence" is no reason "to deprive [him] of

the substantial right of a proper evaluation of [his] damages." (*Schwartz*, 63 Ill. App. 2d at 158, 211 N.E.2d at 126.) Every day, juries sort out issues at least as complicated. Had both cases gone to verdict, the jury would have attributed to Roselawn the damages caused by it, and to the Henkhauses the damages caused by them. Neither would have been entitled to setoff. When plaintiff settled with Roselawn, attribution of a portion of plaintiff's injury to Roselawn was made by agreement. The amount settled upon is a substitute for what a jury would have forced upon the parties. Therefore, setoff was properly denied.

### D

Defendants Henkhaus next claim that plaintiff had assumed the risk of his injury caused by their negligence. We disagree and affirm the circuit court court's refusal to direct a verdict for them on this issue.

Plaintiff's negligence claim against the Henkhauses was based on defendants' failure to maintain a handrail.

Defendants argue these facts establish implied, secondary assumptions of risk: Plaintiff was walking up the steps of the house he had rented from defendants for 3½ years; he knew the handrails were loose; as plaintiff walked up the steps, he reached for the doorknob, lost his balance and slipped because his left leg, which he hurt in the Roselawn fall, would not support him; slipping, he reached for the handrail, and just as did his leg, it too betrayed him, because the handrail was loose, rolling outward from his grasp, and he fell to the concrete; notwithstanding plaintiff's knowledge that the handrails were loose and his knowledge that his injured legs might betray him, plaintiff nevertheless used this entrance rather than another, thereby deliberately encountering a known risk. This, defendants say, is assumption of risk that completely bars recovery.

■■■ Implied, secondary assumption of risk refers to assumption of negligently created risks and arises when plaintiff, with full knowledge and appreciation of the risk, voluntarily exposes himself to the risk under circumstances that manifest plaintiff's willingness to accept the risk. Kionka, *Implied Assumption of Risk: Does it Survive Comparative Fault?* 1982 S. Ill. U.L.J. 371, 374; Restatement (Second) of Torts §496(c) (1965).

Secondary assumption of risk is functionally similar to contributory negligence. (*Duffy v. Midlothian Country Club* (1985), 135 Ill. App. 3d 429, 481 N.E.2d 1037. See Kionka, *Implied Assumption of Risk: Does it Survive Comparative Fault?* 1982 S. Ill. U.L.J. 371.)

Both are forms of fault, and the test for both is the reasonableness of the conduct.

Before comparative negligence became law in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, both assumption of risk and contributory negligence were complete bars to plaintiff's recovery. *Alvis* held that plaintiff's contributory negligence would no longer bar recovery, but was to be compared with defendant's negligence so as to reduce plaintiff's recoverable damages. *Alvis* did not address secondary assumption of risk. In consequence, defendants have resorted to using secondary assumption of risk to persuade courts that plaintiff's recovery can be barred completely, comparative negligence to the contrary notwithstanding. We refuse to embrace that argument. Implied secondary assumption of risk is a form of fault resulting from unreasonable conduct by plaintiff. Fault resulting from unreasonable conduct looks and operates exactly like contributory negligence; it is its functional equivalent. Therefore, implied, secondary assumption of risk should operate as does contributory negligence, and probably should be so labelled. We hold, therefore, that secondary assumption of risk does not operate as a complete bar in negligence cases. *Duffy*, 135 Ill. App. 3d at 435-36, 481 N.E.2d at 1043.

Although secondary assumption of risk is not a complete bar, the motion for a directed verdict also raises the question as to whether or not the plaintiff was 100% at fault as a matter of law so as to remove the case from the jury's consideration. To direct a verdict that plaintiff was 100% at fault on these facts would have been reversible. See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

E

And finally, defendants Henkhaus complain that the circuit court erred in giving two of plaintiff's instructions.

The first is Illinois Pattern Jury Instruction, Civil, No. 12.04 (2d ed. 1971) (hereinafter IPI Civil 2d) and provides:

"More than one person may be to blame for causing an injury. If you decide that the defendants were negligent and that their negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame."

Defendants claim it was error to give IPI Civil 2d No. 12.04 because there were two injuries, one from Roselawn, another from defendants, and that this instruction could have misled the jury by causing them to believe that they were responsible for Roselawn's

misconduct and the injury inflicted thereby.

■■■ If this instruction had been read to the jury in isolation, defendants would be correct. However, it was not. It was given with other instructions, including one that told the jurors that they were to take the instructions as a whole, not picking out one and disregarding the rest. Among the instructions was an IPI instruction which read:

"If you decide for the Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from negligence of the *Defendants*:

The nature, extent and duration of the injury.

The aggravation of any pre-existing ailment or condition.

The disability and disfigurement resulting from the injury.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The reasonable expense of necessary medical care, treatment, and services received. The value of earnings and profits lost and the present cash value of the earnings and profits reasonably certain to be lost in the future.

Whether any of these elements of damage have been proved by the evidence is for you to determine." (Emphasis added.) See IPI Civil 2d Nos. 30.01 through 30.07.

The jury was instructed immediately after closing arguments during which plaintiff's counsel told them that they were to consider only the injury caused by the Henkhauses and were not to award plaintiff anything caused by Roselawn. Under these circumstances, the instruction would not have led to the recovery from the Henkhauses of damages not attributable to them. Therefore, there was no error.

The second instruction complained of is not a pattern instruction. It reads:

"Plaintiff's right to recover damages for his injuries and disability is not barred or to be limited by the fact, if you find it to be a fact, that the Plaintiff's injuries and disability resulted from an aggravation of a pre-existing condition by the occurrence in question, nor by reason of the fact, if you find it to be a fact, that the Plaintiff, because of a pre-existing physical condition, was more susceptible to injury than other persons might have been."

■■■ Defendants argue that this instruction duplicates the elements of damages instruction which lists aggravation of any preexisting ailment or condition as an element of plaintiff's damages. *Balestri*

*v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 394 N.E.2d 391, *cert. denied* (1980), 444 U.S. 1018, 62 L. Ed. 2d 648, 100 S. Ct. 671, holds to the contrary, saying that the general elements of the damages instruction alone is inadequate and must be supplemented where the injuries consist of an aggravation of a preexisting condition.

Defendants complain also that the second instruction is argumentative—an implication with which *Balestri* might be considered pregnant. However, this instruction is not verbatim to the *Balestri* instruction. Furthermore, we believe that it is free from argument.

### III

The judgment in *Roselawn v. Daniel Wheeler, d/b/a/ Wheeler Stone Company* is vacated. The judgment in *Daniel Wheeler v. Harry and Velma Henkhaus* is affirmed.

Affirmed in part; vacated in part.

HARRISON and GOLDENHERSH, JJ., concur.