SECOND DIVISION

APRIL 13, 2004 

No. 1-02-0610

VIRGINIA LUYE, ) Appeal from the 

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

   v. ) No. 01 L 4134

)

MICHAEL SCHOPPER and GARDEN )

CAB COMPANY, INC., ) The Honorable

) Irwin J. Solganick,

Defendants-Appellants. ) Judge Presiding.

JUSTICE GARCIA delivered the opinion of the court:

This is a negligence action arising from an incident on September 25, 1998, in which the plaintiff, Virginia Luye, was injured while exiting a taxicab driven by codefendant Michael Schopper and owned by codefendant Garden City Cab (Garden).  In April 2001, Luye filed a three-count complaint alleging: (1) Schopper was negligent in failing to either hold the cab door open while she was exiting or to take steps to ensure the cab door would not close; (2) Schopper was an employee of Garden and was acting as an agent of Garden when the alleged negligence occurred; and (3) 
res ipsa loquitur
.  Following trial in October 2001, the jury returned an itemized verdict awarding Luye $247,580.45, $112,000 of which was for aggravation of a preexisting condition.  The defendants filed a motion for post-trial relief in November 2001, which was denied in January 2002.  Subsequently, this appeal was filed in February 2002, pursuant to Supreme Court Rule 303 (155 Ill. 2d R. 303).

On appeal, the defendants raise three issues: (1) whether aggravation of a preexisting condition is a separate and compensable element of damages in addition to pain and suffering and loss of a normal life; (2) whether the evidence supported the jury instruction and verdict form allowing recovery for aggravation of a preexisting condition; and (3) whether the verdict on aggravation of a preexisting condition was against the manifest weight of the evidence or, alternatively, whether an award of $112,000 for aggravation of a preexisting condition was excessive.  Luye responds claiming the verdict was not against the manifest weight of the evidence, the award was not excessive, and the trial court properly tendered Illinois Pattern Jury Instructions, Civil, Nos. 30.03 and 30.21 (3d ed. 1995) (hereinafter IPI Civil 3d) on the issue of aggravation of a preexisting condition.  Luye further contends that the trial court properly tendered an itemized verdict form listing aggravation of a preexisting condition.  Luye also argues that the defendants' brief does not comply with supreme court rules and, further, that there are no actual issues to be considered by this court as grounds for appeal.

BACKGROUND

On September 25, 1998, Schopper picked up Luye and her sister, Agnes Margalus, from the grocery store and drove them to Luye's home.  Luye was seated in the backseat of the cab on the passenger side.  When the cab arrived at Luye's home, Schopper reached across with his right hand, opened the rear passenger door and held it open for a moment before he went to open the other door for Margalus.  While Schopper was holding the door open for Luye, she was putting her left foot outside the car, but after Schopper let go of the door, it closed on Luye's leg, shin, and ankle.  Luye cried out when the door closed and her leg was pinned for a few seconds until Schopper came around and held the door open.  Luye told Schopper her leg hurt and remained in the cab for a few moments before Schopper helped her up the stairs to her apartment.  At the time of the accident, Luye's leg had no cuts and she did not call a doctor.

Approximately one week after the accident, Luye noticed her leg was hurting and that it was beginning to discolor.  There was also a lump and liquid under the skin.  Luye went to Christ Hospital in Oak Lawn, where they took X rays for fractures and tested for blood clots.  The results of both were negative.  Luye was released with instructions to take Tylenol and to follow up with her doctor, Dr. Lee Waidzunas.  Luye saw Dr. Waidzunas, but her leg did not improve.  Luye returned to Christ Hospital and was hospitalized for two days.  At the hospital, her ankle was bandaged, she was given intravenous antibiotics, pus was drained from her leg, and her leg was elevated.  

Over the next couple years, Dr. Waidzunas continued to treat Luye for her injury.  The healing was slow and riddled with recurring low-grade infections.  Dr. Waidzunas prescribed antibiotics, skin cream, and anti-inflammatory medication.  Luye testified she had never injured her leg prior to the incident on September 25, 1998.  However, Dr. Waidzunas testified that prior to the September 25, 1998 incident, Luye had a history of peripheral vascular disease (a circulatory condition), which primarily affected her right side; however, Luye had vascular problems in both legs.  Dr. Waidzunas testified the accident made a "bad situation worse" regarding her left leg.  

At the time of trial, Luye had three scars on her left leg and was experiencing neuropathic pain of five to six on a scale of 10.  Dr. Waidzunas defined neuropathic pain as pain from nerve trauma, usually from a crushing injury.  Luye's leg continued to be painful and discolored and sensitive to touch and water.  Additionally, Luye walked with a cane.

At the close of evidence, over the defendant's objection, the jury was instructed in accordance with IPI Civil 3d Nos. 30.01, 30.03, 30.04.01, 30.05, and 30.06:

"If you find for the Plaintiff, Virginia Luye, on the question of liability, then you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damage proved by the evidence to have resulted from negligence of the Defendants.

The reasonable expense of necessary medical care, treatment and services received.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The aggravation of any pre-existing ailment or condition.

Loss of a normal life experienced and reasonably certain to be experienced in the future.

Whether any of these elements of damage has been proved by the evidence is for you to determine." 

Additionally, without objection, the jury was instructed in accordance with IPI Civil 3d No. 30.21: "If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury."  

The jury was then given a verdict form as set out below:

"We, the jury find for Virginia Luye and against Michael Schopper and Garden Cab Company.  We assess the damages in the sum of $______, itemized as follows:

The reasonable expense of necessary medical care, treatment and services received.

$______

The pain and suffering experienced as a result of the injuries.

$______

The pain and suffering reasonably certain to be experienced in the future as a result of the injuries.

$______

The aggravation of any pre-existing ailment or condition.

$______

The loss of a normal life experienced.

$______

The loss of a normal life reasonably certain to be experienced in the future.

$______"

The defendants objected to the inclusion of the aggravation of any preexisting ailment or condition as a separate itemized 

element of damages in both the jury instructions and the jury verdict form.  The jury returned an itemized verdict awarding Luye a total of $247,580.45, with $112,000 designated for the aggravation of a preexisting ailment or condition.  

The defendants filed a motion for posttrial relief based on 
Smith v. City of Evanston
, 260 Ill. App. 3d 925, 631 N.E.2d 1269 (1994), regarding the inclusion of aggravation of a preexisting ailment as a separate itemized element of damages.  In January 2002, the trial court denied the defendants' motion and questioned whether 
Smith
 was still good law.  In denying the defendants relief, the trial court stated: 

"THE COURT: [W]ith regard to the giving of a jury instruction having, as an element of damages, aggravation of a preexisting condition and also being a damage instruction in the 30.01-plus series, the -- And the Court is aware of 
Smith v. City of Evanston
, and my own personal feeling about it is I personally do not like aggravation of a preexisting condition as an element of damages.

However, cases subsequent to 
Smith
 in the First District have said that it is an appropriate element of damages.  And there have been other cases that have said 
Smith
 should not be followed with regard to the issue of loss of a normal life, and it should be disability.  There is a divergence of opinion in the First District.  

The author of the 
Smith
 opinion is no longer sitting on the Appellate Court.  The judges that have written those subsequent opinions are presently sitting on the Appellate Court.  There may be a sway in the Appellate Court, at least in the First District, maybe that 
Smith
 would not be followed.  
Smith
 is not followed in other districts -- Appellate Districts in the State of Illinois.

The Supreme Court, to my knowledge, has not ruled on those specific issues; however, even subsequent to the 
Smith v. City of Evanston
 decision, the Illinois Supreme Court committee on pattern jury instructions in civil cases has seen fit to keep aggravation of a preexisting condition as a compensable element of damages.

And for those reasons -- even though personally I do not like that as an element of damages, and I can understand Counsel's concern that there may be overlap -- I think it is an element of damages that a jury can consider if there is a factual basis for it.

***

Can there be overlap?  You know, if you're considering overlap between pain and suffering, disability and loss of a normal life and aggravation of a preexisting condition, yeah, perhaps there is overlap between all of those.  I mean, maybe that's why you look in FELA [Federal Employers' Liability Act] cases.  Those are not all elements that might be compensable; some may be included in others.  But right now, that's not the law in Illinois, that they should be included in one."       

ANALYSIS

On appeal, the defendants raise three issues: (1) whether aggravation of a preexisting condition is a separate and compensable element of damages in addition to pain and suffering and loss of a normal life; (2) whether the jury instruction and verdict form for aggravation of a preexisting ailment were supported by the evidence; and (3) whether the verdict on aggravation of a preexisting condition was against the manifest weight of the evidence or, alternatively, whether an award of $112,000 for aggravation of a preexisting condition was excessive.  The defendants have not challenged the finding that Luye sustained new injuries resulting from the accident or the finding that the defendants were responsible for those injuries.  Additionally, the defendants do not challenge the amount of the jury award unrelated to the aggravation of a preexisting condition.

I.  Compliance With Supreme Court Rules

As a preliminary note, this court addresses Luye's claim that the defendants' brief does not comply with supreme court rules and presents no actual issues to be considered by this court as grounds for appeal.  Luye claims the defendants fail to set out the necessary standards of review and, accordingly, the defendants' brief does not comply with supreme court rules.  We do not agree.  The applicable standards of review are set out in the defendants' main brief, which we find to be cogent and persuasive.  

II.  Jury Instructions and Verdict Form

1.  Elements of Damages

On appeal, the defendants first question whether aggravation of a prior existing condition is a separate compensable element of damages and whether the trial court erred in treating it as such.  "The trial court has discretion to determine which instructions to give the jury and that determination will not be disturbed absent an abuse of that discretion."  
Schultz v. Northeast Illinois Regional Commuter R.R. Corp.
, 201 Ill. 2d 260, 273, 775 N.E.2d 964 (2002).  Specifically, the trial court has the discretion to determine if a particular jury instruction is applicable, supported by evidence in the record, and an accurate statement of the law.  
Lewis v. Haavig
, 337 Ill. App. 3d 1081, 1085-86, 788 N.E.2d 758 (2003) (trial courts have discretion to determine whether an instruction is applicable and an accurate statement of the law); 
Demos v. Ferris-Shell Oil Co.
, 317 Ill. App. 3d 41, 56, 740 N.E.2d 9 (2000) ("An instruction is justified if it is supported by some evidence in the record, and the trial court has discretion in deciding which issues are raised by the evidence").  "The standard for deciding whether a trial court abused its discretion is whether, taken as a whole, the instructions fairly, fully, and comprehensively appraised the jury of the relevant legal principles."  
Schultz
, 201 Ill. 2d at 273-74.   

Once a trial court determines an instruction is to be given, then Supreme Court Rule 239(a)(177 Ill. 2d R. 239(a)) creates a presumption that the Illinois Pattern Instructions (IPI) are to be used.  
Kravcik v. Golub & Co., Inc.
, 286 Ill. App. 3d 406, 411, 676 N.E.2d 668 (1996)
.
  
Rule 239(a) requires a trial court to use the IPI when it contains an instruction applicable in a civil case and the court determines that the jury should be instructed on the subject, unless the court determines that the IPI does not accurately state the law.  177 Ill. 2d R. 239(a); 
Snelson v. Kamm
, 204 Ill. 2d 1, 31, 787 N.E.2d 796 (2003). 

We first address whether 
IPI Civil 3d No. 30.03, allowing aggravation of a preexisting condition as a separate compensable element of damages, is an accurate statement of the law in Illinois
.  Because this is a pure question of law, we review this issue 
de novo
.  
Hendricks v. Riverway Harbor Service St. Louis, Inc.
, 314 Ill. App. 3d 800, 808, 732 N.E.2d 757 (2000) ("[t]he issue of what law is used to assess damages is a question of law and is reviewed 
de novo
").        

When IPI Civil 3d No. 30.03 is given, the phrase "[t]he aggravation of any pre-existing ailment or condition" is inserted between the two paragraphs of IPI Civil 3d No. 30.01 so that the combined instruction reads:

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the [negligence] [wrongful conduct] [of the defendant] ***.

The aggravation of any pre-existing ailment or condition. 

Whether any of these elements of damages has been proved by the evidence is for you to determine."  IPI Civil 3d Nos. 30.01, 30.03.

IPI Civil 3d No. 30.21, which should be given whenever IPI Civil 3d No. 30.03 is given, states: 

"If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from [an aggravation of a pre-existing condition] [or] [a pre-existing condition which rendered the plaintiff more susceptible to injury]."  IPI Civil 3d No. 30.21.

Here, the trial court gave both IPI Civil 3d No. 30.03, which was objected to, and IPI Civil 3d No. 30.21, which was not objected to.

The defendants first argue the trial court erred in giving IPI Civil 3d No. 30.03 and a verdict form that allowed Luye to recover for aggravation of a preexisting ailment or condition, in an itemized amount, separate and apart from the amounts awarded for pain and suffering and for loss of normal life.  More specifically, the defendants appeal the use of IPI Civil 3d No. 30.03 based on 
Smith
.   

We carefully examine the language of IPI Civil 3d No. 30.03 and the cases cited by the instruction to determine whether IPI Civil 3d No. 30.03 is an accurate statement of Illinois law.  Most pattern jury instructions are based on case law that predates the use of itemized verdicts.  
Smith
, 260 Ill. App. 3d at 933.  The comment following IPI Civil 3d No. 30.03 cites two cases as holding that "[a]n aggravation of a pre-existing ailment or condition has been held to be a separate element of compensable damages in Illinois": 
Behles v. Chicago Transit Authority
, 346 Ill. App. 220, 231, 104 N.E.2d 635 (1952), and 
Wheeler v. Roselawn Memory Gardens
, 188 Ill. App. 3d 193, 543 N.E.2d 1328 (1989).  

The instruction given in 
Behles
 
reads: 

"‛If you find that the defendant was guilty of one or more of the acts of negligence as charged in plaintiff's Amended Complaint and that prior to and at the happening of the occurrence alleged in said Amended Complaint, plaintiff was in the exercise of ordinary care for her own safety, and if you further find that plaintiff was injured as a direct and proximate result of the said occurrence as alleged in said Amended Complaint, then you are instructed that the plaintiff is entitled to recover for the aggravation of a pre-existing ailment or condition to the extent that you may find such aggravation, if any, to be the natural and proximate result of the accident alleged in said Amended Complaint.'"  
Behles
, 346 Ill. App. at 231.

The 
Behles
 court read this instruction as charging "the jury that even though they agreed with defendant's medical theory of ruptured aneurysm, plaintiff nevertheless was not remediless if the jury found that the blow on the head was the proximate cause of the ultimate brain damage."  
Behles
, 346 Ill. App. at 232.  Nowhere in the 
Behles
 decision does the court say an aggravation of a preexisting condition is a separate element of compensable damages.    

In 
Wheeler,
 
the plaintiff was injured by two separate tortfeasors.  
Wheeler
, 188 Ill. App. 3d at 196.  The court provided the jury with two instructions. First, the court provided IPI Civil 2d No. 12.04, providing: 

"‛More than one person may be to blame for causing an injury.  If you decide that the defendants were negligent and that their negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.'"  
Wheeler
, 188 Ill. App. 3d at 202.  

The defendant argued that this was an error because there were two injuries from two parties.  
Wheeler
, 188 Ill. App. 3d at 202.  The court agreed that, given alone, IPI Civil 2d No. 12.04 would have been an error, but the court found that it was given with other instructions, including one that told the jury to take the instructions as a whole, not picking out one and disregarding the rest.  
Wheeler
, 188 Ill. App. 3d at 203.  In addition to the above instruction, the jury received an instruction on damages that was similar to IPI Civil 3d No. 30.03.  
Wheeler
, 188 Ill. App. 3d at 203.  However, that instruction, similar to IPI Civil 3d No. 30.03, was not an issue in the 
Wheeler
 decision and the court never ruled on whether it was a correct reading of the law.  
Wheeler
, 188 Ill. App. 3d at 203.  The court never held that aggravation of a preexisting condition is a separate element of compensable damages.  
Wheeler
, 188 Ill. App. 3d 193.  The court noted that when the plaintiff's injuries consist of an aggravation of a preexisting condition, the elements-of-damages instruction alone is inadequate and must be supplemented.  
Wheeler
, 188 Ill. App. 3d at 203-04.  However, the court supplemented the elements-of-damages instruction with a non-IPI instruction similar to IPI Civil 3d No. 30.21, reading that a plaintiff's right to recover damages is not barred or limited by a preexisting condition.  
Wheeler
, 188 Ill. App. 3d at 203.  In fact, nowhere in the opinion does the 
court find an aggravation of a preexisting ailment or condition to be a separate element of compensable damages.  
Wheeler
, 188 Ill. App. 3d 193.         

In these two cases it is clear that the jury was to consider the aggravation of a preexisting condition when determining damages in accordance with the instruction.  However, allowing the jury to consider the aggravation of a preexisting condition is not the same as allowing the jury to separately award for aggravation of a preexisting condition.  See, 
e.g
., 
Powers v. Illinois Central Gulf R.R. Co.
, 91 Ill. 2d 375, 383, 438 N.E.2d 152 (1982).  Neither of these cases holds, as the comments to IPI Civil 3d No. 30.03 suggest, that aggravation of a preexisting condition or ailment is a separate element of damages.  

The Illinois Supreme Court has held that pattern instructions are not exempt from challenge.  
Powers
, 91 Ill. 2d at 385.  Pattern instructions do not receive advance approval by the Illinois Supreme Court and are only approved or rejected through judicial questioning and consideration.  
Powers
, 91 Ill. 2d at 385.     

      We find that the 
Behles
 
and 
Wheeler
 decisions do not support the IPI's assertion that aggravation of a preexisting ailment or condition is a separate element of compensable damages under Illinois law.  In fact, rather than providing direct support for the use of IPI Civil 3d No. 30.03, we read the 
Behles
 decision as holding that the plaintiff may not be denied damages or be awarded limited damages because she had a preexisting ailment or condition, as set out in IPI Civil 3d No. 30.21, which the defendants did not challenge.     

In 
Smith
, the appellate court determined aggravation of a preexisting condition did not constitute a separate element of damages because it would overcompensate plaintiffs due to the overlap of aggravation of a preexisting injury with awards for other elements of damages.  
Smith
, 260 Ill. App. 3d at 935-36
.  The 
Smith
 court held that although the aggravation of a preexisting injury should be taken into account in awarding damages, it was error for the trial court to give the jury an instruction and itemized verdict form with aggravation of a preexisting condition as a separate element of damages.  
Smith
, 260 Ill. App. 3d at 935.  In reaching its decision, the 
Smith
 court relied on the reasoning of the Illinois Supreme Court in 
Powers
, where the Court reversed a portion of a judgment that was based upon an itemized award for the "nature, extent and duration" of an injury because it was redundant of other elements, such as pain and suffering, economic loss, and disability.  
Smith
, 260 Ill. App. 3d at 935; 
Powers
, 91 Ill. 2d at 379.  Citing 
Powers
, the 
Smith
 court reasoned:  

"Just as the court in 
Powers
 could find no measure for the nature of the injury as a separate element of damages, we find no measure for the value of aggravation of a preexisting condition that is separate from the other elements of damages.  A jury appraising the monetary value of aggravation of the condition needs to look to the increase in medical costs, the earnings lost which would not have been lost by reason of the preexisting condition alone, the increase in pain and suffering, and the worsening of disabilities and disfigurement.  As Graham stated, ‛Any change in the plaintiff's ailment or condition, being an injury in itself, is measured by its consequences to the plaintiff in the form of the appropriate elements of damage.' [Citation].  An award for aggravation of a preexisting condition overlaps with awards for all of the other elements of damages, so inclusion of aggravation of conditions as a separate element leads to the same possibility of overcompensation that led the court in 
Powers
 to rule against the use of nature of the injury as a separate element of damages, despite the approval of that as a separate category of damages in the IPI instructions then in effect. ***  We hold that under the reasoning of 
Powers
, aggravation of a preexisting condition is not a separate element of damages.  It is, like the nature, extent and duration of the injury, a matter to take into account when assessing the proper, separable elements of damages."  
Smith
, 260 Ill. App. 3d at 935-36. 

Since the 
Smith
 decision
, there has been some disagreement about whether aggravation of a preexisting condition is a separate element of compensable damages.  In denying the defendants' posttrial motion, the trial court recognized this disagreement in stating "[t]here may be a sway in the Appellate Court, at least in the First District, maybe that 
Smith
 would not be followed.  
Smith
 is not followed in other districts -- Appellate Districts in the State of Illinois."

The trial court was incorrect in its statement that 
Smith
 has not been followed.  First, both the First District and the Fourth District have followed
 
Smith
.  Subsequent to 
Smith
, this court, in 
Tedeschi v. Burlington Northern R.R. Co.
, 282 Ill. App. 3d 445, 450-51, 668 N.E.2d 138 (1996), cited 
Smith
 with approval and stated, "the category of aggravation of a preexisting condition is not distinguishable from the other categories of damages."  The court went on to question what an award for aggravation of a preexisting condition covers apart from the other categories of compensation.  
Tedeschi
, 282 Ill. App. 3d at 451.  
The Fourth District in 
Boehm v. Ramey
, 329 Ill. App. 3d 357, 365, 771 N.E.2d 493 (2002), followed 
Smith
 
and held, "[a]n award of damages for aggravation of a preexisting condition overlaps with any award obtained for all of the other elements of damages."  The 
Boehm
 court further held "there is no need for Illinois Pattern Jury Instructions, Civil, No. 30.03 if No. 30.21 is given."  
Boehm
, 329 Ill. App. 3d at 365.    

Second, most of the disagreement
 has been with the 
Smith
 holding that "loss of normal life" should be used in jury instructions rather than "disability."  See,
 
e.g.
, 
Turner v. Williams
, 326 Ill. App. 3d 541, 551, 762 N.E.2d 70 (2001) (discussing 
Smith
 with regard to the "loss of normal life" instruction); 
Snelson v. Kamm
, 319 Ill. App. 3d 116, 142, 745 N.E.2d 128 (2001) (finding "the 
Smith
 court acted as a 
de facto
 IPI committee" in holding "loss of normal life" should be used instead of "disability" and disagreeing with 
Smith
 on that ground); 
Tornabene v. Paramedic Services of Illinois, Inc.
, 314 Ill. App. 3d 494, 502, 731 N.E.2d 965 (2000) (finding 
that a disability instruction should be given instead of one on "loss of normal life"); 
Jones v. Chicago Osteopathic Hospital
, 316 Ill. App. 3d 1121, 1135-6, 738 N.E.2d 542 (2000) (finding error because the jury was provided with an instructions that included both "disability" and "loss of normal life"); 
Van Holt v. National R.R. Passenger Corp.
, 283 Ill. App. 3d 62, 75, 669 N.E.2d 1288 (1996) (finding under a Federal Employers' Liability Act suit, "loss of normal life" should not be an independent ground for damages); 
Natalino v. JMB Realty Corp.
, 277 Ill. App. 3d 270, 278, 660 N.E.2d 138 (1995) (finding 
Smith
 did not apply in the instant case).     

Only a handful of cases have disagreed with the 
Smith
 holding that aggravation of a preexisting condition is not a separate element of compensable damages.  See,
 
e.g.
, 
Kravcik
, 286 Ill. App. 3d 406; 
Podoba v. Pyramid Electric, Inc.
, 281 Ill. App. 3d 545, 551, 667 N.E.2d 167 (1996) (finding "[t]he combination of IPI Civil 3d No. 30.03 and IPI Civil 3d No. 30.21 correctly sets forth the law that a tortfeasor is liable for injuries he causes, including the aggravation of a preexisting condition, and adequately instructs 'the jury that the damages assessed should not be reduced because the disability was due in part to a preexisting condition ***.' [Citations.]");
 
Reed v. Union Pacific R.R. Co.
, 185 F.3d 712 (7th Cir. 1999).  

Citing to 
Behles
, 
the 
Kravcik
 court found that IPI Civil 3d No. 30.03 provides that aggravation of a preexisting condition is a separate element of compensable damages in Illinois.  
Kravcik
, 286 Ill. App. 3d at 411.  However, as discussed above, 
Behles
 has been misread and does not stand for this proposition.  In addressing 
Smith
, the 
Kravcik
 court found 
Smith
 to be a deviation "from the ‛plethora' of cases holding that the aggravation of a preexisting condition is a separate element of compensable damages."  
Kravcik
, 286 Ill. App. 3d at 412.  However, the "plethora" of cases 
Kravcik
 
refers to is limited to 
Behles
, 
Wheeler
, and 
Ficken v. Alton & Southern Ry. Co.
, 255 Ill. App. 3d 1047, 625 N.E.2d 1172 (1993).  
Kravcik
, 286 Ill. App. 3d at 411-13.  The court declined to follow 
Smith
 because "it ignored prior well-reasoned case law and the established pattern jury instructions."  
Kravcik
, 286 Ill. App. 3d at 413.  However, as discussed above, 
Behles
 and 
Wheeler
 
have been misread and do not support that IPI Civil 3d No. 30.03 is an accurate statement of Illinois law.  The holding in 
Kravcik
 is not completely at odds with 
Smith
, as pointed out by appellants' counsel, "[
Kravcik]
 crucially *** went on to ‛affirm the trial court's rejection of the instruction regarding the itemization for the aggravation of any preexisting ailment or condition as a separate item of damages in the verdict form.' [
Kravcik]
, 286 Ill. App. 3d at 414."
   

Our review of the cases cited in the comments to IPI Civil 3d No. 30.03 demonstrates that they do not support the proposition that aggravation of a preexisting condition is a separate element of compensable damages in Illinois.  We find 
Smith
, in relying on the analysis in 
Powers
, to be well-reasoned and an accurate statement of Illinois law.  Applying the 
Smith
 court's reasoning in this case, we find there was an overlap between aggravation of a preexisting condition and the other elements of damages.  The award for aggravation of a preexisting condition is not separate and distinct from pain and suffering and loss of a normal life.    

Based on our discussion of the misapplication of law in IPI 30.03 and the reasoning of the courts in
 
Smith
 and 
Powers
, 
we hold IPI Civil 3d No. 30.03 should not have been given to the jury
.  Even if the review of the validity of IPI Civil 3d No. 30.03 is not a question of law, we find providing IPI Civil 3d No. 30.03 was an abuse of discretion under the facts presented in this case because it allowed for duplicative damages.

The defendants have not challenged the jury's liability finding, but have requested a new trial on damages or, in the alternative, remittitur.  "The practice of ordering a remittitur of excessive damages has long been recognized and accepted as part of Illinois law."  
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 412, 689 N.E.2d 1057 (1997).  Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366 (a)(5)) specifically provides that a reviewing court has the power to grant any relief, including the entry of a remittitur.  See 
Soto v. Gaytan
, 313 Ill. App. 3d 137, 148, 728 N.E.2d 1126 (2000).  An appellate court may modify a trial court's order to reflect the proper amount of damages.  
Soto
, 313 Ill. App. 3d at 148.  "A remittitur is an agreement by the plaintiff to relinquish, or remit, to the defendant that portion of the jury's verdict which constitutes excessive damages [citations] and to accept the sum which has been judicially determined to be properly recoverable damages [citation].  The only alternative to a remittitur in a case where the verdict exceeds the damages properly proven [citations] *** is for the trial judge to order a new trial [citations]."  
Haid v. Tingle
, 219 Ill. App. 3d 406, 411, 579 N.E.2d 913 (1991). 

However, a court does not have the authority to reduce the damages by entry of a remittitur if the plaintiff objects or does not consent.  
Haid
, 219 Ill. App. 3d at 411.  "The trial court must afford the plaintiff the choice of agreeing or refusing to the entry of a remittitur, with the proviso that the plaintiff's refusal to agree to the entry of a remittitur will result in the ordering of a new trial."  
Haid
, 219 Ill. App. 3d at 411-12.  In 
Haid
, the court emphasized the plaintiff's consent is essential and issued a remittitur: 

"[W]e resolve the issue pursuant to the authority granted us under Supreme Court Rule 366(a)(5) [citation].  We will affirm the judgment of the trial court awarding plaintiff damages in the reduced sum of $25,572.70 on the condition that within 30 days from the date of filing of this opinion, plaintiff files a consent to the remittitur with the clerk of this court.  Upon the filing of such remittitur, the judgment is affirmed.  In the event such consent is not filed within 30 days, the judgment is reversed and the case is remanded for a new trial on the issue of damages."  
Haid
, 219 Ill. App. 3d at 417.  

As discussed above, IPI Civil 3d No. 30.03 allowed Luye to recover duplicative damages.  Therefore, the duplicative portion of the jury award is excessive and subject to remittitur.  See 
Richardson v. Chapman
, 175 Ill. 2d 98, 113-15, 676 N.E.2d 621 (1997).  Accordingly, by way of remittitur, we reduce the judgment by $112,000, the amount of damages awarded for aggravation of a preexisting condition.  This remittitur is conditioned upon Luye's consent.  If Luye does not consent, then a new trial on the issue of damages is proper.  

2. Weight of the Evidence and Excessive Award 

The defendants also argue that (1) the jury instruction and verdict form for aggravation of a preexisting ailment were not supported by the evidence and (2) the verdict on aggravation of a preexisting condition was against the manifest weight of the evidence or, alternatively, (3) an award of $112,000 for aggravation of a preexisting condition was excessive due to the duplicative nature of the award.  

Because we have found the jury award for aggravation of a preexisting condition duplicative and have ordered a remittitur, these arguments are now moot.

CONCLUSION

For the reasons stated, the judgment of the trial court is affirmed in part, reversed in part, and vacated in part.  Pursuant to the authority of Supreme Court Rule 366 (a)(5) (155 Ill. 2d R. 366 (a)(5)), we affirm the judgment entered in favor of Luye in the reduced amount of $135,580.45.  Should Luye decline to consent, within a reasonable time period as set by the trial court, 
to the entry of a remittitur upon remand, the trial court is instructed to grant a new trial on the question of damages. 

Affirmed in part, reversed in part, and vacated in part; cause remanded. 

CAHILL and BURKE, JJ., concur.